JOHNSON v HARPER-GRACE HOSPITAL

Docket No. 77-2307. Submitted October 3, 1978, at Detroit.—Decided September 5, 1979.

Plaintiff, Sarah Johnson, suffered an injury to her armpit while at home. An abcess developed which caused her such pain that she sought medical treatment in the out-patient department of her employer, defendant Harper-Grace Hospital, during a work break. She there received an injection of antibiotics which, while curing the underarm infection, resulted in a new abcess developing at the injection site. This new abcess ultimately necessitated removal of a pus sac, leaving a permanent indentation in the right buttock which plaintiff alleged to have resulted in a permanent injury to her. Plaintiff filed a claim for worker's compensation benefits alleging that the injury from the injection was work-related. Plaintiff eventually agreed to redeem the worker's compensation claim for $8,500. Plaintiff thereafter filed suit against defendant hospital and the unknown nurse who administered the injection alleging malpractice arising out of the injection incident. Defendant hospital moved for summary judgment on the ground that the worker's compensation redemption barred plaintiff's malpractice claim. The Wayne Circuit Court, John R. Kirwan, J., granted defendant's motion for summary judgment. Plaintiff appeals. *Held:*

1. Estoppel arises where a party, by representations, admissions or silence, intentionally or negligently induces another party to believe facts, and the party justifiably relies and acts on this belief and will be prejudiced if the first party is permitted to deny the existence of the facts.

2. Plaintiff, by redeeming her worker's compensation claim against employer hospital upon her allegation that the injury from the injection arose out of and in the course of her employment, is estopped from asserting contrary facts in the malpractice action against the hospital and her fellow employee. The redemption order serves as a final adjudication of

REFERENCES FOR POINTS IN HEADNOTES
[1] 28 Am Jur 2d, Estoppel and Waiver § 1.
[2] 81 Am Jur 2d, Workmen's Compensation §§ 50, 51.

the rights of the parties with respect to that injury and thus bars recovery in her malpractice suit.

Affirmed.

1. ESTOPPEL — DEFINITIONS — WORDS AND PHRASES.

Estoppel arises where a party, by representations, admissions or silence, intentionally or negligently induces another party to believe facts, and the other party justifiably relies and acts on this belief and will be prejudiced if the first party is permitted to deny the existence of the facts.

2. ESTOPPEL — WORKMEN'S COMPENSATION — EMPLOYMENT RELATIONSHIP — TORT CLAIM — EXCLUSIVE REMEDY.

A hospital employee who suffers an injury arising out of an injection administered by a fellow employee and who redeems a worker's compensation claim against the employer-hospital on the assertion that the injury arose out of and in the course of her employment is estopped from pursuing a malpractice claim against the hospital and the fellow employee, since permitting a subsequent tort claim upon a disavowal of the employment relationship would undermine the exclusive remedy provision of the Worker's Disability Compensation Act.

*Eugene Terry,* for plaintiff.

*Garan, Lucow, Miller, Lehman, Seward & Cooper, P.C.,* for defendant.

Before: BRONSON, P.J., and M. J. KELLY and D. C. RILEY, JJ.

M. J. KELLY, J. Plaintiff appeals from an order of the Wayne County Circuit Court which granted defendants' motion for summary judgment.

In December, 1974, plaintiff suffered injury to her left armpit while at home. Subsequently, an abcess developed which caused such pain as to compel her to seek medical treatment at Harper-Grace Hospital on December 9, 1974. At the time, plaintiff was an employee of the hospital. During a work break, she went to the out-patient department where she was examined and had prescribed

and administered an injection of ampicillin mixed with penicillin. Although the injection cured the underarm infection, a new abcess developed at the site of the injection, which ultimately necessitated surgical removal of a pus sac, leaving a permanent indentation in the right buttock. Plaintiff alleges that she has suffered permanent injury as a result.

On July 17, 1975, plaintiff filed a petition for a hearing with the Bureau of Workmen's Compensation, alleging a personal injury arising out of her employment. Thereafter, with the agreement of her counsel and counsel for defendant hospital, and with the concurrence of the referee, plaintiff's claim was redeemed for $8,500. Neither the parties nor the director of the bureau requested a review of the redemption order, and it became a final order 15 days after approval, pursuant to MCL 418.837(2); MSA 17.237(837)(2).

On December 7, 1976, plaintiff filed the instant complaint in circuit court. She seeks damages for what, in essence, is a tort action sounding in malpractice arising out of the same ampicillin/penicillin injection incident. Defendant, in reply, moved for accelerated judgment or, in the alternative, for summary judgment, raising the worker's compensation redemption as a bar to this lawsuit. After oral argument, the trial court granted defendant summary judgment, ruling that, because of the worker's compensation redemption, plaintiff's civil suit should now be barred.

A single issue is presented in this appeal. Does plaintiff's acceptance of a redemption from her hospital-employer bar her subsequent malpractice action against the hospital arising from the same injury which was a subject of the redemption? The circuit court held that it did. In making the case for reversal, plaintiff argues that the board lacked

jurisdiction to enter the redemption because the injection was not administered in the context of the employment relationship, since plaintiff's original injury occurred at home. Further, it is asserted that, in any event, the question of the board's jurisdiction was never actually litigated, and, thus, the redemption should not preclude plaintiff from prosecuting the present tort suit.

Because we hold that plaintiff's invocation of the board's jurisdiction and her acceptance of the redemption order precludes her tort suit on the grounds of equitable estoppel, we need not address the initial claim that her original injury, which occurred at home, removes the subsequent injection injury by a coemployee from the employment relationship.

An estoppel arises where a party, by representations, admissions or silence, intentionally or negligently induces another party to believe facts, and the other party justifiably relies and acts on this belief and will be prejudiced if the first party is permitted to deny the existence of the facts. *Conel Development, Inc v River Rouge Savings Bank,* 84 Mich App 415, 422-423; 269 NW2d 621 (1978).

In the present case, the board's jurisdiction was invoked by the allegations contained in plaintiff's original claim for workmen's compensation benefits. Plaintiff's petition for hearing alleged injury in the course of employment, stating that plaintiff "sustained multiple trauma and/or was exposed to hard, arduous, strenuous, difficult manual labor which required much walking, standing, kneeling and bending". Her testimony at the hearing before the referee was consistent with her position that the injection injury was work-related. Furthermore, plaintiff also submitted a medical report which stated:

"I would say that her job which requires standing, climbing stairs, bending, and lifting is definitely a contributing factor to pain and disability *as it relates to her right buttock infection. As a matter of fact, I would say that it aggravated her symptoms."* (Emphasis added.)

Finally, the agreement to redeem liability and the redemption order also recite that plaintiff's injury was one "arising out of and in the course of her employment". Therefore, as far as the pleadings and recorded proceedings were concerned, plaintiff's claim was addressed to the proper forum.

The record of the compensation proceedings indicates that the issue as to whether or not plaintiff's injury was compensable was contested by defendant and its compensation carrier. As noted above, plaintiff submitted a medical report indicating that the injection injury was aggravated by her employment. Defendant similarly submitted a medical report indicating that the injection injury was not related to her employment at Harper Hospital. Finally, in the transcript of the redemption hearing, plaintiff's counsel emphasized the magnitude of the issue, stating:

"MR. TERRY: I have recommended this settlement. I feel it is a proper matter for redemption *because there's a question of liability under the statute."* (Emphasis added.)

Thus, it is apparent that there was legitimate dispute as to whether plaintiff's buttock injury was compensable and that the parties settled their differences by way of the redemption order of December 17, 1976.

In the present case, we find the application of an estoppel to be an appropriate vehicle to prevent plaintiff from repudiating her original representa-

tions which induced defendant to redeem its liability. *Majewski v Martin Brothers Barrel & Box Co,* 230 Mich 548; 203 NW 102 (1925), *Hassberger v General Builders' Supply Co,* 213 Mich 489; 182 NW 27 (1921). Logic also dictates this result, for to adopt plaintiff's argument would encourage fraud. We recognize that a redemption is a deliberate compromise between possibilities. *Johnson v Nationwide Life Ins Co,* 7 Mich App 441; 151 NW2d 840 (1967). It would be inequitable to permit plaintiff the best of both worlds: allowing her to obtain the security of a fixed settlement while permitting her to pursue a suit for higher stakes in the circuit court. To hold that a plaintiff can allege an employer-employee relationship in a forum in which the claim proceeds to final disposition and then can disavow that relationship in a subsequent tort suit arising out of the same injury would undermine the exclusive remedy provision of the Workers' Disability Compensation Act.

We hold that plaintiff's acceptance of disability benefits by way of settlement and redemption where she claimed that her injury was employment-related bars her subsequent tort suit where she seeks to relitigate the issue of the bureau's jurisdiction by alleging that her injury was not employment-related. The redemption order serves as a final adjudication of the rights of the parties in relation to this particular injury and estops plaintiff's civil suit.

Affirmed.