BURGESS v HOLLOWAY CONSTRUCTION COMPANY

Docket No. 60508. Submitted December 10, 1982, at Lansing.—Decided February 25, 1983. Leave to appeal denied, 417 Mich 1100.14.

Thomas Burgess was shot and killed by Hoppy Stepp, a fellow employee of the Holloway Construction Company. Marjory Burgess, Thomas Burgess's wife, filed for and received workers' compensation benefits. Subsequently, Marjory Burgess, individually and as the personal representative of the estate of Thomas Burgess, deceased, and Deborah Marie, Becky Ann and Jacklyn Burgess, daughters of the Burgesses, filed suit in Oakland Circuit Court against the Holloway Construction Company. The court, Robert B. Webster, J., granted accelerated judgment for the defendant and denied the plaintiffs' petition for leave to file a second amended complaint. The plaintiffs appealed. *Held:*

1. The plaintiffs' suit is barred by the exclusive remedy provision of the Worker's Disability Compensation Act. Although intentional torts are outside the exclusive remedy provision, the plaintiffs' merely alleging an intentional tort is not sufficient to avoid the exclusive remedy provision. The plaintiffs did not allege any facts that would show that Stepp acted as the defendant's alter ego when he shot Burgess. The plaintiffs' claim was compensable under the Worker's Disability Compensation Act.

2. The action by the deceased's survivors for loss of society

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5] 81 Am Jur 2d, Workmen's Compensation § 50.

[2] 81 Am Jur 2d, Workmen's Compensation § 55.

What conduct is willful, intentional, or deliberate within workmen's compensation act provision authorizing tort actions for such conduct. 96 ALR3d 1064.

[3] 82 Am Jur 2d, Workmen's Compensation § 240.

[4] 82 Am Jur 2d, Workmen's Compensation §§ 329, 330.

Employer's liability to employee or agent for physical injury received as result of assault by third person. ALR3d 517.

[5] 82 Am Jur 2d, Workmen's Compensation § 685.

[6] 61A Am Jur 2d, Pleading §§ 310-312.

[7] 27 Am Jur 2d, Equity § 36.

and companionship is barred by the exclusive remedy provision of the workers' compensation act because it is derivative of the chief claim.

3. The trial judge did not abuse his discretion in denying plaintiffs' motion to file a second amended complaint. It would have been futile to allow the amendment.

4. The plaintiffs' argument that the trial judge abused his discretion in denying their motion to add Stepp as a party defendant was not properly before the Court of Appeals because the plaintiffs failed to appeal the order denying that motion.

Affirmed.

1. Workers' Compensation — Remedies.

A common-law tort action by an employee against his employer for an injury compensable under the Worker's Disability Compensation Act is barred by the exclusive remedy provision of the act (MCL 418.131; MSA 17.237[131]).

2. Workers' Compensation — Intentional Torts.

Intentional torts are outside the exclusive remedy provision of the Worker's Disability Compensation Act but a plaintiff's merely alleging an intentional tort in his complaint is not necessarily in and of itself sufficient to avoid the exclusive remedy provision (MCL 418.131; MSA 17.237[131]).

3. Workers' Compensation — Compensable Injury.

An injury is compensable under the Worker's Disability Compensation Act where the injury results from the work itself, or from the stresses, tension and associations of the working environment, human as well as material.

4. Workers' Compensation — Assaults.

An employee may recover workers' disability compensation benefits for injuries received in assaults, whether sportive or malicious, which arise out of the employment and are received in the course thereof except where the injured employee's actions are of such a gross and reprehensible nature as to constitute intentional and wilful misconduct, involving acts of baseness, vileness or depravity.

5. Workers' Compensation — Survivors' Actions.

An action by a deceased worker's survivors against the deceased's employer for loss of society and companionship, being derivative of the deceased's claim, is barred where the deceased's claim would be barred by the exclusive remedy provision of the

Worker's Disability Compensation Act (MCL 418.131; MSA 17.237[131]).

6. MOTIONS AND ORDERS — AMENDMENT OF PLEADINGS.
   A trial judge has discretion to grant or deny a motion to amend pleadings but such motions should be freely granted whenever justice requires (GCR 1963, 118.1).

7. EQUITY — MISTAKES OF LAW.
   Generally, a mistake of law is not a proper ground for equitable relief.

*Benson, Bloomquist, Wegner & Hunter* (by *Terrence H. Bloomquist),* for plaintiff.

*Franklin, Petrulis & Lichty, P.C.* (by *Steve J. Weiss* and *James T. Mellon),* for defendant.

Before: BRONSON, P.J., and T. M. BURNS and ALLEN, JJ.

PER CURIAM. On October 7, 1981, the trial judge granted defendant's motion for accelerated judgment, GCR 1963, 116.1(2), and denied plaintiffs' petition for leave to file a second amended complaint. Plaintiffs appeal as of right.

Plaintiffs alleged that on June 16, 1978, Tom Burgess and Hoppy Stepp, both employed by defendant, argued about union rules and regulations. As a result, Stepp shot and killed Burgess. Plaintiffs, Burgess's wife and children, eventually sued defendant.

Plaintiffs alleged that Stepp was acting within the course of his employment when he shot Burgess. As a matter of law, plaintiffs cannot now argue that Burgess was outside the scope of employment. Before suing in circuit court, Marjory Burgess filed a workers' compensation claim with the Bureau of Workers' Disability Compensation. This claim was redeemed for $4,500. In *Johnson v*

*Harper-Grace Hospital,* 92 Mich App 202, 207; 284 NW2d 520 (1979), this Court ruled:

"We hold that plaintiff's acceptance of disability benefits by way of settlement and redemption where she claimed that her injury was employment-related bars her subsequent tort suit where she seeks to relitigate the issue of the bureau's jurisdiction by alleging that her injury was not employment-related. The redemption order serves as a final adjudication of the rights of the parties in relation to this particular injury and estops plaintiff's civil suit."

Therefore, this case's threshold question is whether or not this suit is barred by the exclusive remedy provision. MCL 418.131; MSA 17.237(131). In *Sewell v Bathey Mfg Co,* 103 Mich App 732, 736; 303 NW2d 876 (1981), this Court stated:

"It is beyond question that, when an injury is sustained which is compensable under the Worker's Disability Compensation Act of 1969, the exclusive-remedy provision of the act bars any common-law tort cause of action by an employee against his employer arising therefrom." (Footnote omitted.)

Plaintiffs attempt to avoid this exclusive remedy provision by claiming that the injury was outside the Worker's Disability Compensation Act. As such, they allege an intentional tort. Intentional torts are in fact outside the act. *Kissinger v Mannor,* 92 Mich App 572; 285 NW2d 214 (1979); *Broaddus v Ferndale Fastener Div, Ring Screw Works,* 84 Mich App 593; 269 NW2d 689 (1978), *lv den* 403 Mich 850 (1978). However, although an intentional tort has been alleged, defendant did not do it; Stepp did it. Merely alleging an intentional tort is not necessarily in and of itself sufficient to avoid the exclusive remedy provision. In

*McKinley v Holiday Inn,* 115 Mich App 160; 320 NW2d 329 (1982), the plaintiff was raped by one of defendant's guests while she was working as a maid for defendant. In distinguishing *Kissinger,* this Court noted:

"[I]t is necessary to focus on the nature of the tort alleged by the injured employee and to determine if the Legislature intended the exclusive remedy of the act to preclude the employee's common-law recovery for injury suffered in such a tort.

\*    \*    \*

"The instant plaintiff's complaint against defendant Holiday Inn is grounded solely in negligence. No intentional misconduct is alleged. There is no question that, if plaintiff's injuries have resulted in disability, as that term is understood for workers' compensation purposes, she will be eligible to receive compensation benefits." 115 Mich App 165-166.

Plaintiffs, consequently, allege that Stepp was defendant's alter ego. However, plaintiffs have merely pled the conclusion that Stepp acted as defendant's alter ego. They have not alleged any facts that would show that Stepp acted as defendant when he shot and killed Burgess. See, generally, *Chester v World Football League,* 75 Mich App 455; 255 NW2d 643 (1977).

As such, this case is controlled by *Crilly v Ballou,* 353 Mich 303, 326; 91 NW2d 493 (1958). There, the plaintiff was injured when he was hit by a shingle thrown by some boys working for the defendant. In ruling that that injury was compensable, under the Worker's Disability Compensation Act, the Supreme Court stated: "[I]f the injury results from the work itself, or from the stresses, the tensions, the associations, of the working environments, human as well as material, it is compensable." See also *Fidelity & Casualty Co of New*

*York v DeShone,* 384 Mich 686; 187 NW2d 215 (1971).

Plaintiffs also argue that their pleadings did not foreclose the possibility that Burgess had initiated the altercation with Stepp. However, for a claimant to be barred from compensation due to his own misconduct, the conduct must involve a high degree of "moral turpitude", defined as "an act of baseness, vileness, or depravity". *Andrews v General Motors Corp,* 98 Mich App 556, 561; 296 NW2d 309 (1980), *lv den* 412 Mich 926; 315 NW2d 127 (1982). Plaintiffs have not alleged any such facts.

Plaintiffs next argue that the deceased's survivors retain an independent action against defendant for loss of society and companionship. However, because this alleged loss derives from the chief claim itself, it is also barred by the Worker's Disability Compensation Act. *Moran v Nafi Corp,* 370 Mich 536; 122 NW2d 800 (1963); *Bourassa v ATO Corp,* 113 Mich App 517; 317 NW2d 669 (1982), *lv den* 414 Mich 966 (1982); *Cole v Dow Chemical Co,* 112 Mich App 198; 315 NW2d 565 (1982).

Plaintiffs next argue that the trial judge abused his discretion in denying their motion to file a second amended complaint. GCR 1963, 118.1. Although such motions are within the trial judge's discretion, they are to be freely granted whenever justice requires. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649; 213 NW2d 134 (1973).[1] We do not

---

[1] Although plaintiffs have not raised the following matter, we believe it should be addressed. The trial judge's findings of fact were contained in this statement. "I think you should go to the separate action route here. If you file here, I am sure it will be assigned to me." This finding is very similar to the finding found insufficient in *Leahy v Henry Ford Hospital,* 84 Mich App 719, 723; 271 NW2d 34 (1978), *lv den* 406 Mich 861 (1979): "It seems to me you are in effect starting a whole new lawsuit, a whole new cause of action and these

believe that the trial judge abused his discretion in this case. Allowing the amendment would have been futile. Plaintiffs, relying on *Solo v Chrysler Corp (On Rehearing),* 408 Mich 345; 292 NW2d 438 (1980), argue that the redemption agreement should have been set aside because of a mutual mistake of fact. However, *Solo* dealt with a mistake concerning the claimant's injury. Here, plaintiffs are not arguing a mistake of fact but a mistake of law; they are arguing that the parties mistakenly believed that intentional torts fit within the bureau's jurisdiction. A mistake of law is usually not a ground for equitable relief. *Schmalzriedt v Titsworth,* 305 Mich 109; 9 NW2d 24 (1943); *Sinka v McKinnon,* 301 Mich 617; 4 NW2d 32 (1942); *Theisen v Kroger Co,* 107 Mich App 580; 309 NW2d 676 (1981).

Plaintiffs lastly argue that the trial judge abused his discretion in denying their motion to add Stepp as a party defendant. However, plaintiffs have failed to appeal the August 19, 1981, order which denied their motion. As such, this issue is not properly before this Court. *Smith v O'Harrow Construction Co,* 95 Mich App 341; 290 NW2d 141 (1980), *lv den* 409 Mich 873 (1980).

Affirmed.

---

matters have to be resolved someplace". Whenever a trial judge denies a motion to file an amended complaint, he must make findings that justice will not be served if the motion is granted. *Hanon v Barber,* 99 Mich App 851; 298 NW2d 866 (1980).