## WHITE v CENTRAL TRANSPORT, INC

Docket No. 83631. Submitted January 14, 1986, at Detroit.—Decided
February 11, 1986.

Plaintiffs Richard A. White and Gloria A. White filed suit in
Lenawee Circuit Court against defendants Central Transport,
Inc., and Transit Casualty Company, following an accident in
which Richard A. White was injured while driving a tractor-
trailer rig owned by Central Transport, Inc. Although Richard
A. White was employed by L.R.P.D., Inc., which leased his
services to Central Transport, Inc., by written agreement, the
circuit court, Kenneth B. Glaser, Jr., J., in granting summary
judgment in favor of defendants, ruled that Richard A. White
was employed by Central Transport, Inc., and that, therefore,
his claim was barred by the exclusive remedy provision of the
Worker's Disability Compensation Act. Plaintiffs appealed.
*Held:*

1. The existence of an employer-employee relationship for the
purposes of the WDCA can be determined by examining the
economic realities of the situation.

2. Four factors are relevant in analyzing the nature of such a
relationship: (1) control of the worker's duties; (2) payment of
wages; (3) right to hire, fire, and discipline; and (4) performance
of the duties as an integral part of an employer's business
toward the accomplishment of a common goal.

3. Central Transport, Inc., (1) was in control of Richard A.
White's duties, (2) indirectly paid his wages, (3) retained the
power to designate which drivers, including Richard A. White,
would drive for L.R.P.D., Inc., tantamount to having the power
to hire, fire and discipline, and (4) was so integrally related
with L.R.P.D., Inc., that their common objectives were only
realized by a combined business effort.

Affirmed.

WORKERS' COMPENSATION — EMPLOYMENT — ECONOMIC REALITIES
TEST.
The existence of an employer-employee relationship for workers'

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 96-150, 358, 575, 578.
See the annotations in the ALR3d/4th Quick Index under Workers'
Compensation.

compensation purposes can be determined by the economic realities of the situation; four factors are relevant in analyzing the nature of such a relationship: (1) control of the worker's duties; (2) payment of wages; (3) right to hire, fire and discipline; and (4) performance of the duties as an integral part of an employer's business toward the accomplishment of a common goal.

*Thomas D. Ready,* for plaintiff.

*Walter J. Zotter,* for defendant.

Before: HOOD, P.J., and J. H. GILLIS and J. M. BATZER,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an order entered on February 28, 1985, granting defendants' motion for summary judgment pursuant to GCR 1963, 117.2(3).

Plaintiff Richard A. White was injured in an accident which occurred on June 8, 1982, while he was driving a tractor-trailer rig owned by defendant Central Transport. At the time of the accident, plaintiff was employed by L.R.P.D., Inc., which leased the services of White to Central Transport. Central Transport and L.R.P.D. entered into a written agreement whereby L.R.P.D. provided Central with temporary truck drivers, who were considered to be employees of L.R.P.D. and independent contractors with respect to Central Transport. Despite that arrangement, the trial court concluded that Central Transport was to be regarded as plaintiff's employer for purposes of the Worker's Disability Compensation Act under the "economic realities" test. *Lombard v Saga Food Service, Inc,* 127 Mich App 262; 338 NW2d 207 (1983). The court then held that plaintiff's claim was barred by the exclusive remedy provision of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the WDCA, MCL 418.131; MSA 17.237(131). Plaintiffs appeal as of right.

Since the Supreme Court decision in *Tata v Muskovitz*, 354 Mich 695; 94 NW2d 71 (1959), the existence of an employer-employee relationship for purposes of the Worker's Disability Compensation Act has been determined by examining the economic realities of the situation. *Nichol v Billot*, 406 Mich 284, 293-294; 279 NW2d 761 (1979); *Lombard, supra,* p 269. Four factors have been recognized as relevant in analyzing the nature of the relationship: (1) control of the worker's duties; (2) payment of wages; (3) right to hire, fire, and discipline; and (4) performance of the duties as an integral part of the employer's business toward the accomplishment of a common goal. *Askew v Macomber*, 398 Mich 212, 217-218; 247 NW2d 288 (1976).

According to the testimony of George Chambers, the president and sole stockholder of L.R.P.D., persons employed at Central Transport contacted him regarding the establishment of a company to lease drivers to their company. A business relationship evolved whereby L.R.P.D. recruited, tested, hired and certified licensed truck drivers to operate equipment at the pleasure and dispatch of Central Transport, which was the only customer of L.R.P.D. Central Transport was in control of the drivers' daily assignments, routes, and scheduling through its dispatch office in Morenci, Michigan. Plaintiff also testified that Central Transport's dispatchers were in control of his day-to-day activities and his immediate boss was Central Transport's terminal manager. Based upon this evidence, the first "economic realities" factor, *i.e.,* control, clearly supports the finding of an employer-employee relationship.

The same conclusion must be drawn as to the

second factor. For instance, plaintiff and the other truck drivers turned their log books over to Central Transport for accounting and payroll calculations. Although L.R.P.D. actually paid the truck drivers, it was reimbursed by Central Transport for the payroll cost, including withholding taxes and health and pension fund contributions. L.R.P.D. maintained workers' compensation insurance, but was also reimbursed for this cost, as well as for the cost of pre-employment physical examinations for the truck drivers. L.R.P.D. received a percentage of the gross payroll as its compensation for providing the truck drivers.

Regarding the third factor, ability to hire, fire and discipline employees, we believe that Central Transport's retention of the power to designate any driver as unacceptable was tantamount to total control over this aspect of employment since L.R.P.D. had no other customers.

The final factor also strongly supports the conclusion of the trial court. Since L.R.P.D.'s entire existence is dependent upon the needs of Central Transport, we must conclude that the two companies were "so integrally related that their common objectives [were] only realized by a combined business effort". *Farrell v Dearborn Manufacturing Co,* 416 Mich 267, 277; 330 NW2d 397 (1982). In fact, L.R.P.D.'s relationship to Central Transport was so entirely parasitic that it is unlikely any distinct goals or objectives could be identified. We conclude that the evidence overwhelmingly supports the conclusion that Central Transport was the employer of this plaintiff, under the economic realities test. By application of the exclusive remedy provision of the WDCA, defendants' motion for summary judgment was properly granted by the trial court.

Affirmed.