TOLBERT v U S TRUCK COMPANY

Docket No. 104785. Submitted December 7, 1988, at Detroit. Decided May 9, 1989.

Sarah J. Tolbert, personal representative of the estate of Wayne Tolbert, deceased, brought an action in the Oakland Circuit Court against U.S. Truck Co., its employee Craig Rutcoskey, and others alleging that defective brakes maintained by Rutcoskey and U.S. Truck caused decedent's death. Decedent, an employee of D & S Leasing, worked under the direction of Rutcoskey and U.S. Truck. U.S. Truck reimbursed D & S Leasing for all of decedent's pay and had the right to fire decedent. The court, David F. Breck, J., denied plaintiff's motion to amend to allege intentional nuisance and intentional tort and granted summary disposition to U.S. Truck and Rutcoskey. Plaintiff appealed.

The Court of Appeals *held:*

1. The court did not err in denying plaintiff's motion to amend since the amendment would have been futile. Plaintiff's proposed amended pleading did not contain facts sufficient to show that defendant acted intentionally.

2. The court did not err in finding that defendants Rutcoskey and U.S. Truck were decedent's employers and thus protected by the exclusive remedy provision of the Workers' Disability Compensation Act.

Affirmed.

1. PLEADING — AMENDMENT OF PLEADINGS — FUTILITY OF AMEND-
MENT.

Amendment of pleadings should be freely given in the absence of undue delay, bad faith or dilatory motive but need not be given when amendment would be futile; an amendment is futile where, ignoring the substantive merits of the claim, it is legally insufficient on its face.

REFERENCES

Am Jur 2d, Nuisances § 71; Pleading §§ 306 *et seq.*; Workmen's Compensation §§ 50, 55, 152 *et seq.*, 230, 299 *et seq.*

See the Index to Annotations under Labor and Employment; Nuisances; Pleadings; Workers' Compensation.

2. Workers' Compensation — Intentional Torts — Exclusive Remedy.

    An action by an employee for an intentional tort by an employer is not barred by the exclusive remedy provision of the workers' compensation act; whether a tort was intentional is to be determined by applying the substantial certainty standard, i.e., whether the employer intended the act that caused the injury and knew that the injury was substantially certain to occur (MCL 418.131; MSA 17.237[131]).

3. Nuisance — Intentional Nuisance.

    To establish an intentional nuisance, a plaintiff must show that there is a condition which is a nuisance and that the defendant intended to create that nuisance; an intentional nuisance requires proof that a party creating or continuing the nuisance knew or must have known that harm to plaintiff was substantially certain to follow.

4. Workers' Compensation — Unsafe Working Conditions.

    A claim that an employee's injury was caused by the employer's failure to provide safe working conditions is tantamount to a claim that the employee was injured by the employer's negligence; such an injury is covered by the exclusive remedy provision of the Workers' Disability Compensation Act.

5. Workers' Compensation — Employment — Economic Realities Test.

    The existence of an employer-employee relationship for workers' compensation purposes can be determined by the economic realities of the situation; four factors are relevant in analyzing the nature of such a relationship: (1) control of the worker's duties; (2) payment of wages; (3) right to hire, fire and discipline; and (4) performance of the duties as an integral part of an employer's business toward the accomplishment of a common goal.

*Condit, McGarry, Schloff & Trenta, P.C.* (by *Michael D. Schloff*), for plaintiff.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Leonard B. Schwartz* and *Patrick J. Burkett*), for defendant.

Before: Wahls, P.J., and McDonald and C. W. Simon, Jr.,* JJ.

Per Curiam. On February 26, 1985, decedent was fatally injured when a vehicle he was using to unload a stationary trailer slipped between the trailer and the loading dock. In her suit for negligence, plaintiff alleges that the trailer's movement was caused by a defective brake system. Plaintiff appeals as of right from the circuit court order denying her leave to amend her complaint and granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(7). We affirm.

First, plaintiff claims the trial court erred in denying her motion to amend her complaint to allege intentional nuisance and intentional tort. The trial court denied plaintiff's motion because of undue delay and futility of filing the amended complaint.

Leave to amend is freely given in the absence of any undue delay, bad faith or dilatory motive on the part of the amending party. *Totsky v Henry Ford Hosp,* 169 Mich App 286, 290; 425 NW2d 531 (1988). However, a lower court can refuse to permit an amendment when the amendment may be futile. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656; 213 NW2d 134 (1973); *Dukesherer Farms, Inc v Director of the Dep't of Agriculture,* 172 Mich App 524, 530; 432 NW2d 721 (1988).

An amendment is futile where, ignoring the substantive merits of the claim, it is legally insufficient on its face. *Formall, Inc v Community National Bank of Pontiac,* 166 Mich App 772, 783; 421 NW2d 289 (1988). This Court will not reverse a lower court's denial of a motion to amend absent an abuse of discretion. *Id.* We find that the lower court did not err in denying plaintiff's request to

* Circuit judge, sitting on the Court of Appeals by assignment.

amend her complaint because amendment would have been futile.

In her proposed amendment, plaintiff alleges that defendant intentionally allowed the braking system on the trailer to become defective, provided improperly equipped safety features on its equipment, and supplied inadequate wheel chocking materials for use in securing trailers parked in its loading dock. In addition, plaintiff claims that defendant improperly positioned the trailer for unloading and failed to adequately train its workers with respect to the reporting of any mechanical difficulties experienced with equipment.

Our Supreme Court in *Beauchamp v Dow Chemical Co,* 427 Mich 1, 25; 398 NW2d 882 (1986), defined an intentional tort claim as requiring that the employer (1) intended the act that caused the injury and (2) knew that the injury was substantially certain to occur. Merely alleging an intentional tort is insufficient to avoid the exclusive remedy provision of the Workers' Disability Compensation Act. *Burgess v Holloway Construction Co,* 123 Mich App 505, 508; 332 NW2d 584 (1983), lv den 417 Mich 1100.14 (1983).

To establish an intentional nuisance, a plaintiff must show that there is a condition which is a nuisance and that the defendant intended to create that nuisance. *Guilbault v Dep't of Mental Health,* 160 Mich App 781, 788; 408 NW2d 558 (1987), lv den 429 Mich 896 (1988). An intentional nuisance requires proof that a party creating or continuing the nuisance knew or must have known that harm to plaintiff was substantially certain to follow. *Eyde Brothers Development Co v Roscommon Co Bd of Road Comm'rs,* 161 Mich App 654; 411 NW2d 814 (1987), lv den 429 Mich 899 (1988).

We find that the essence of plaintiff's complaint

is that defendant failed to provide safe working conditions. A claim that an employee's injury was caused by an employer's failure to provide safe working conditions is tantamount to a claim that the employee was injured by the employer's negligence. *Martin v Raker,* 173 Mich App 23, 26; 433 NW2d 377 (1988). Such an injury is covered by the exclusive remedy provision of the Workers' Disability Compensation Act. *Beauchamp, supra,* p 27. We find that plaintiff's amended complaint fails to allege facts sufficient to show that defendant acted intentionally. Plaintiff's attempt to redefine her negligence action into one of intentional tort and intentional nuisance must fail.

Since we find that plaintiff's amended complaint would have been futile and conclude that the lower court did not err in denying plaintiff's motion to amend, we decline to address the issue of whether the trial court properly denied plaintiff's motion on the basis of undue delay.

Second, plaintiff claims the trial court erred in granting summary disposition in favor of defendant U.S. Truck and its employee, defendant Rutcoskey. Plaintiff contends that D & S Leasing, the company which loaned decedent's services to U.S. Truck, was decedent's sole employer. The trial court found that defendant U.S. Truck and defendant Rutcoskey were decedent's employers and therefore any action against them was barred by the exclusive remedy provision of the Workers' Disability Compensation Act, MCL 418.131; MSA 17.237(131).

In order to determine the existence of an employer-employee relationship, we apply the "economic realities" test. *Nichol v Billot,* 406 Mich 284, 293-294; 279 NW2d 761 (1979); *White v Central Transport, Inc,* 150 Mich App 128, 129; 388 NW2d 274 (1986), lv den 425 Mich 864 (1986). The

"economic realities" test is based on four factors: (1) control of the worker's duties; (2) payment of wages; (3) right to hire, fire, and discipline; and (4) performance of the duties as an integral part of the employer's business toward the accomplishment of a common goal. *Askew v Macomber,* 398 Mich 212, 217-218; 247 NW2d 288 (1976); *White, supra,* p 129.

We find that the trial court did not err in finding that defendant Rutcoskey and defendant U.S. Truck were plaintiff's decedent's employers. First, decedent operated under the direction and supervision of an employee of U.S. Truck. Second, although D & S Leasing directly paid decedent, U.S. Truck ultimately reimbursed D & S Leasing for all of decedent's pay. Third, U.S. Truck had the right to fire decedent. Finally, the labor broker relationship established between D & S Leasing and U.S. Truck established a common objective in a business effort. We find that these factors establish an employer-employee relationship and, therefore, any action against defendant U.S. Truck and defendant Rutcoskey is barred by the Workers' Disability Compensation Act's exclusive remedy provision.

Further, we are unpersuaded by plaintiff's contentions that the relationship between decedent and defendant U.S. Truck is foreclosed by an agreement between defendant U.S. Truck and D & S Leasing which labels the relationship as an independent contract. The existence of a written agreement labeling a relationship as an "independent contact" is not controlling. *White, supra,* p 129.

Affirmed.