Norman MAHDESIAN and Marion Mahdesian, Plaintiffs,

v.

JOSEPH T. RYERSON & SON, INC., a foreign corporation, Defendant.

No. 90–CV–73160–DT.

United States District Court, E.D. Michigan, S.D.

Jan. 29, 1992.

---

George T. Fishback, Detroit, Mich., for plaintiffs.

Michael F. Schmidt, Troy, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This matter is before the Court on defendant's Fed.R.Civ.P. 56(b) motion for summary judgment. For the reasons stated below, defendant's motion is granted.

## I. BACKGROUND

Prior to filing the instant litigation, plaintiff Norman Mahdesian sued defendant Joseph T. Ryerson & Son, Inc., in an attempt to obtain no-fault benefits pursuant to the Michigan Motor Vehicle Personal and Property Protection Act, M.C.L. §§ 500.3101–.3179. Plaintiff maintained that he was defendant's employee throughout that action and, ultimately, recovered judgment against defendant's insurer. 742 F.Supp. 1348.[1]

Plaintiff now brings suit against defendant claiming that defendant was negligent (Count I) and did intentionally and/or negligently create a nuisance (Count II) which caused his injury. Plaintiff seeks an unspecified amount of money damages together with costs and attorney's fees.

In response, defendant has moved this Court for summary judgment under Fed. R.Civ.P. 56(b). Defendant urges that plaintiff's claims are barred by the exclusive remedy provision of Michigan's Worker's Disability Compensation Act (WDCA), M.C.L. § 418.131(1). Plaintiff replies by arguing that under the "economic realities" test, defendant was not plaintiff's employer at the time of the accident. Plaintiff thus concludes that the WDCA's exclusive remedy provision is inapplicable.[2]

## II. STANDARD OF REVIEW

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Blakeman v. Mead Containers*, 779 F.2d 1146 (6th Cir.1986); Fed.R.Civ.P. 56(c). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In applying this standard, the Court must view all materials offered in support of a motion for summary judgment, as well as all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *United States v. Diebold*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Cook v. Providence Hosp.*, 820 F.2d 176, 179 (6th Cir.1987); *Smith v. Hudson*, 600 F.2d 60 (6th Cir.1979), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). In deciding a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2512. Although summary judgment is dis-

---

1. Michigan's no-fault scheme provides that a claimant must first look to his own insurer for benefits. *Parks v. Detroit Auto. Inter-Ins. Exch.*, 426 Mich. 191, 202, 393 N.W.2d 833 (1986). However, there are three statutory exceptions to this priority rule. M.C.L. § 500.3114(3) provides in pertinent part:

   An employee ... who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle.

   *Id.* The two other exceptions pertain to motor vehicles transporting passengers, M.C.L. § 500.-

3114(2), and motorcycle operators, M.C.L. § 500.3114(5). Thus, in granting plaintiff summary judgment on his claims for no-fault benefits against defendant's insurer, this Court necessarily held that he was in defendant's employ.

2. Plaintiff's current stance is disingenuous at best and, perhaps, fraudulent. Indeed, paragraph 16 of plaintiff's complaint for no-fault benefits states: "That Ryerson Steel under the economic reality test in Michigan is the employer of the plaintiff herein." Plaintiff makes no attempt to explain this discrepancy.

favored, this motion may be granted when the trial would merely result in delay and unneeded expense. *Poller v. Columbia Broadcasting Systems, Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *A.I. Root Co. v. Computer/Dynamics, Inc.*, 806 F.2d 673, 675 (6th Cir.1986). Where the nonmoving party has failed to present evidence on an essential element of their case, they have failed to meet their burden and all other factual disputes are irrelevant; thus, summary judgment is appropriate. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552; *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (Footnote omitted)).

## III. OPINION

To protect the integrity of the judicial process, the doctrine of "judicial estoppel" provides that a party who has successfully and unequivocally asserted a position in a prior proceeding is estopped from asserting an inconsistent position in a subsequent proceeding. *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598–99 (6th Cir.1982).[3] As noted above, plaintiff "successfully and unequivocally" asserted that he was defendant's employee in an earlier proceeding. He is thus estopped from now claiming otherwise. Accordingly, plaintiff's claims must be measured against the exclusive remedy provision of the WDCA.

M.C.L. § 418.131(1) states:

The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort. An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and wilfully disregarded that knowledge. The issue of whether an act was an intentional tort shall be a question of law for the court....

*Id.* The essence of plaintiff's complaint is that defendant failed to load a trailer, either intentionally or negligently, in a reasonably safe fashion. This Court finds as a matter of law that defendant's alleged acts do not constitute an intentional tort within the meaning of the above subsection.[4] *See Beauchamp v. Dow Chemical Co.*, 427 Mich. 1, 26–27, 398 N.W.2d 882 (1986).

## IV. CONCLUSION

For the above noted reasons, defendant's motion is GRANTED.

## JUDGMENT

IT IS ORDERED AND ADJUDGED that this action is hereby DISMISSED pursuant to the Memorandum Opinion and Order dated this 29th day of January, 1992.

---

**3.** The doctrine addresses the incongruity of allowing a party to assert a position in one tribunal and the opposite in another tribunal. If the latter adopted the inconsistent position, then at least one court has been misled. *Edwards*, 690 F.2d at 599. Thus, the rule's essential function is to protect the judiciary, as an institution, from the perversion of judicial machinery.

**4.** Plaintiff would apparently agree. Count I of plaintiff's complaint is based on a negligence theory. Count II sounds in nuisance. While plaintiff has therein alleged that defendant "did intentionally and/or negligently create and maintain a nuisance ...," merely alleging an intentional tort is insufficient to avoid the exclusive remedy provision of the WDCA. *Burgess v. Holloway Constr. Co.*, 123 Mich.App. 505, 508, 332 N.W.2d 584 (1983), *lv. denied*, 417 Mich. 1100 (1983). Rather, plaintiff must allege facts that add up to a deliberate intention to bring about injury. Plaintiff has not.