986 F.2d 1421
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Norman MAHDESIAN and Marion Mahdesian, Plaintiffs-Appellants,
v.
JOSEPH T. RYERSON AND SON, INC., Defendant-Appellee.
 No. 92-1262.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1993.
 
 Before BOGGS and SILER, Circuit Judges, and LAMBROS, Chief District Judge.*
 PER CURIAM.
 
 
 1
 The district court granted summary judgment against plaintiffs on the basis of the doctrine of judicial estoppel. Resolution of this case depends entirely on whether the district court judicially accepted, in a prior case, Norman Mahdesian's ("Mahdesian") assertion that he was an employee of Joseph T. Ryerson and Son, Inc. ("Ryerson").[1] The district court in that prior case accepted Mahdesian's assertion that he was Ryerson's employee in reaching the conclusion that Mahdesian could recover no-fault benefits from Ryerson's insurer. For this reason, the doctrine of judicial estoppel applies and the district court's judgment is affirmed.
 
 Background
 
 2
 On June 1, 1989, Mahdesian was injured while transporting steel for Ryerson. On August 13, 1990, the district court granted summary judgment in Mahdesian's behalf against Ryerson's no-fault insurance carrier, Wausau. Mahdesian v. Wausau, 742 F.Supp. 1348. Mahdesian later brought a second action seeking recovery directly from Ryerson. On January 29, 1992, the same district judge that ruled for Mahdesian in the prior action granted Ryerson's motion for summary judgment against Mahdesian in the second action. Mahdesian v. Joseph T. Ryerson & Son, Inc., 782 F.Supp. 63 (E.D.Mich.1992).
 
 
 3
 In granting summary judgment, the district court found that Mahdesian "successfully and unequivocally" asserted that he was Ryerson's employee at the time of injury throughout the prior action in order to recover under Michigan's no-fault law. Id. at 65. Accordingly, it held: (1) that Mahdesian was judicially estopped from denying an employer-employee relationship with Ryerson in the second action; and (2) that, absent an intentional tort, Mahdesian's claims against Ryerson were therefore barred by the Michigan Workers' Disability Compensation Act's exclusive remedy provision found at Mich.Comp.Laws. § 418.131. Id.
 
 Analysis
 
 4
 The district court correctly applied the doctrine of judicial estoppel against Mahdesian. This doctrine places a limit on litigants who "argue whatever state of facts seems advantageous at a point in time, and [who argue] a contradictory state whenever self-interest may dictate a change." James W. Moore, et al., Moore's Federal Practice, p 0.405 (2d ed. 1992). Judicial estoppel also "protect[s] the integrity of the judicial process" by preventing the "incongruity of allowing a party to assert a position in one tribunal and the opposite in another tribunal." Edwards v. Aetna Life Insurance Co., 690 F.2d 595, 598-99 (6th Cir.1982).
 
 
 5
 In this circuit, the doctrine of judicial estoppel bars a party from asserting a position in subsequent litigation which conflicts with a position successfully asserted and judicially accepted in prior litigation. United States v. 49.01 Acres of Land, 802 F.2d 387, 390 (10th Cir.1986) (citing Edwards, 690 F.2d at 598). However, "judicial acceptance" does not mean that the party against whom the judicial estoppel doctrine is invoked must have prevailed on the merits. "Rather, judicial acceptance means only that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition." Edwards, 690 F.2d at 599 n. 5.
 
 
 6
 Because the district court adopted Mahdesian's assertion that he was Ryerson's employee in the earlier, no-fault action, there is "no reason why [Mahdesian] should be allowed knowingly to take a position in one judicial proceeding, secure final judicial acceptance of that position, and then knowingly attempt to persuade a different court to accept a fundamentally inconsistent position." Reynolds v. Commissioner, 861 F.2d 469, 474 (6th Cir.1988). To accept the position now asserted by Mahdesian would create a "risk of inconsistent results." Edwards, 690 F.2d at 599. Accepting an inconsistent assertion in these circumstances would affect the integrity of the judicial process and create the perception that either the first or the second court was misled. See id. For these reasons, we hold that Mahdesian is judicially estopped from asserting that he is not Ryerson's employee in this action.
 
 
 7
 Mahdesian resists the foregoing conclusion by arguing that the district court did not accept his assertion that he was Ryerson's employee when it decided the no-fault action. In this wise, Mahdesian argues that: (1) the district court made no express finding as to his relationship with Ryerson in the no-fault action but instead found that Mahdesian was Hankin Transportation's employee; (2) a finding that Mahdesian was employed by Ryerson was not essential to his recovery against Wausau in that action; and (3) the assertion that Mahdesian was employed by Ryerson was not judicially accepted as a matter of law. None of these arguments alter the conclusion that the doctrine of judicial estoppel applies in this case.
 
 
 8
 Mahdesian's two initial arguments were attempting to show that the district court rejected the assertion that he was Ryerson's employee. First, Mahdesian notes, the district court stated that he was employed by Hankin when it decided the no-fault action. Mahdesian v. Wausau, 742 F.Supp. at 1349. However, this statement does not conflict with the district court's later determination that Mahdesian "successfully and unequivocally" claimed to be Ryerson's employee for purposes of recovery in the no-fault action. Mahdesian v. Ryerson, 782 F.Supp. at 65. Second, Mahdesian argues that employment with Ryerson was not essential to his recovery against Wausau. Even if this theory is correct, Mahdesian still could have recovered against Wausau as an employee of Ryerson. In sum, therefore, neither of Mahdesian's initial arguments show that the district court in fact rejected the claim that he was Ryerson's employee.
 
 
 9
 Mahdesian's third argument, designed to show that the district court could not have accepted his prior assertion as a matter of law, is inapposite because it relies on cases which are dissimilar to this one. Mahdesian cites Teledyne Industries, Inc. v. N.L.R.B., 911 F.2d 1214 (6th Cir.1990), in arguing that there can be no judicial acceptance and no basis for asserting judicial estoppel where an order in a prior action results from a stipulation between parties and where that order contains no findings. However, even assuming the accuracy of Mahdesian's statement of the law, Teledyne is distinguishable from the case at hand. Teledyne considered the estoppel effect of an order which was entered pursuant to a settlement and which contained no findings of fact or conclusions of law. Id. at 1219. Here, although Mahdesian's no-fault action was dismissed on appeal when the parties reached a settlement, the district court made factual findings and legal conclusions in its January 29, 1992, memorandum opinion and order. Mahdesian v. Ryerson, 782 F.Supp. 63. Mahdesian's assertion that he was employed by Ryerson was judicially accepted as one of these findings.[2]
 
 Conclusion
 
 10
 Mahdesian's assertion that he was employed by Ryerson was judicially accepted in a prior case decided by the district court. Therefore, the doctrine of judicial estoppel applies, Mahdesian's claims against Ryerson as his employer are barred by the exclusive remedy provision of Mich.Comp.Laws § 418.131(1), and the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas D. Lambros, Chief United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 The prior opinion is published at Mahdesian v. Wausau Ins. Co., 742 F.Supp. 1348 (E.D.Mich.1990)
 
 
 [2]
 Edwards, also cited by Mahdesian, involved the estoppel effect of an assertion made in an uncontested, non-judicial administrative proceeding and is similarly inapposite. See Edwards, 690 F.2d at 598-600