McNEES v CEDAR SPRINGS STAMPING COMPANY

Docket No. 118117. Submitted March 6, 1990, at Grand Rapids. Decided June 4, 1990. Leave to appeal applied for.

Richard McNees brought an action in Kent Circuit Court against his employer, Cedar Springs Stamping Company, for damages arising out of the 1985 loss of his hand during the course of his employment while operating a stamping machine. Defendant moved for summary disposition on the basis that plaintiff's exclusive remedy was under the Workers' Disability Compensation Act. The trial court, Roman J. Snow, J., granted defendant's motion for summary disposition, holding that the 1987 amendment to the exclusive remedy provision of the Workers' Disability Compensation Act relative to intentional torts should be retroactively applied and that under the statutory standard plaintiff had not pled facts sufficient to come within the intentional tort exception to the exclusive remedy provision. Plaintiff moved to amend his pleadings. The trial court denied the motion to amend on the basis that amendment would be futile. Plaintiff appealed.

The Court of Appeals *held:*

1. The 1987 amendment of the exclusive remedy provision is to be retroactively applied.

2. The question whether plaintiff has pled facts sufficient to bring his claim within the intentional tort exception to the exclusive remedy provision is a question of law for the court.

3. To bring one's claim within the statutory intentional tort exception, one must allege that one's employer, with knowledge of a specific known danger and the certainty that injury would result from that danger, required the employee to work in the face of that danger. Plaintiff's pleadings sufficiently alleged the existence of the statutory intentional tort.

4. Defendant's remaining issues concerning procedural matters are without merit.

Reversed.

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 50, 55.

What conduct is willful, intentional, or deliberate within workmen's compensation act provision authorizing tort action for such conduct. 96 ALR3d 1064.

1. Workers' Compensation — Exclusive Remedy — Amendment of Statutes — Retroactivity.

   The 1987 amendment of the exclusive remedy provision of the Workers' Disability Compensation Act is to be retroactively applied (MCL 418.131; MSA 17.237[131]).

2. Workers' Compensation — Exclusive Remedy — Intentional Torts — Questions of Law — Questions of Fact.

   The question whether the facts pled are sufficient to establish an intentional tort within the meaning of the exclusive remedy provision of the Workers' Disability Compensation Act is a question of law for the court; the question whether the facts are as pled is a question of fact for the jury (MCL 418.131; MSA 17.237[131]).

3. Workers' Compensation — Exclusive Remedy — Intentional Torts — Pleading.

   An employee pleads an intentional tort within the meaning of the exclusive remedy provision of the Workers' Disability Compensation Act where it is alleged that there was a specific danger known to the employer that was certain to result in an injury and the employer required the employee to work in the face of that danger (MCL 418.131; MSA 17.237[131]).

*Robert C. Timmons,* for plaintiff.

*Allaben, Massie, Vander Weyden & Timmer* (by *Jonathan W. Willoughby*), for defendant.

Before: Shepherd, P.J., and Sullivan and Neff, JJ.

Shepherd, P.J. Plaintiff appeals from the orders of the trial court granting defendant's motion for summary disposition and denying plaintiff's motion to amend his complaint.

This case involves the intentional tort exception to the exclusive remedy provision of the Workers' Disability Compensation Act, MCL 418.131; MSA 17.237(131) (hereafter, § 131). Plaintiff argues that the trial court erred in finding that the 1987 amendment of the act should be applied retroactively. In *Schefsky v The Evening News Ass'n,* 169

Mich App 223, 227-228; 425 NW2d 768 (1988), this Court held that the amendment to § 131 was retroactive, and, thus, the standard for determining intentional conduct is that set forth in § 131 and not that announced in *Beauchamp v Dow Chemical Co*, 427 Mich 1; 398 NW2d 882 (1986). We agree with the *Schefsky* decision.

Plaintiff next asserts that the trial court erred in failing to allow him to amend his complaint to plead his case within the standards set by § 131. Leave to amend is freely given in the absence of undue delay, bad faith or dilatory motive on the part of the amending party. *Totsky v Henry Ford Hosp*, 169 Mich App 286, 290; 425 NW2d 531 (1988). The trial court may also refuse to permit an amendment where amendment would be futile. *Formall, Inc v Community National Bank of Pontiac*, 166 Mich App 772, 783; 421 NW2d 289 (1988). An amendment is futile where, ignoring the substantive merits of the claim, it is legally insufficient on its face. *Id.* The trial court found that the amendment would be futile.

Section 131 provides in part:

> An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge. The issue of whether an act was an intentional tort shall be a question of law for the court. This subsection shall not enlarge or reduce rights under law.

Plaintiff contends that defendant had actual knowledge that an injury was certain to occur at a press machine because defendant had been warned that the foot pedal was malfunctioning. Plaintiff

further contends that he was told by defendant to do work on the press which necessitated use of the foot pedal. He also contends that after the accident the employer destroyed all of the foot pedals in the shop.

Before analyzing the facts alleged in this case, we must first address the question of precisely what issues are matters of law for the court and what issues are questions of fact for the jury. We conclude that the issue whether the facts alleged by plaintiff are sufficient to constitute an intentional tort is a question of law for the court, while the issue whether the facts are as plaintiff alleges is a jury question. If the latter issue were for the court, all jury trials in this type of case would have been eliminated, and we find that this was not the intention of the Legislature.

In examining whether plaintiff's proposed amended pleadings alleged an intentional tort as a matter of law, we must determine the standard that is to be applied. Three cases give us guidance. The Court in *Kachadoorian v Great Lakes Steel Corp,* 168 Mich App 273; 424 NW2d 34 (1988), lv den 432 Mich 879 (1989), allowed a plaintiff to recover prior to the adoption of § 131 under the following circumstances: a known danger (working under a vessel containing molten steel), a shop rule against working under the vessel, evidence of frequent overflow spills of molten steel, a specific order to plaintiff and all other affected employees that they must work under the vessel on pain of losing their jobs, and previous disciplinary action against employees who refused to do so. This, in our view, was so egregious that it would qualify as a violation of § 131. Two other cases which were decided after the adoption of § 131 are also instructive. In one case, it was held that the plaintiff had not alleged an intentional tort within the

meaning of § 131 where it was alleged that the defendant used incompetent and poorly trained forklift drivers to retrieve materials from unsafe storage racks which resulted in an injury to plaintiff. *Stalzer v Shape Corp,* 177 Mich App 572; 442 NW2d 648 (1989), lv den 433 Mich 876 (1989). In *Stalzer* the unsafe condition of the racks and the forklift drivers' incompetence had been reported to the employer. In the other case, it was alleged the defendant employer allowed a braking system to become defective, provided inadequate safety features on equipment and supplied inadequate braking materials. The Court held this was nothing more than providing an unsafe workplace and constituted negligence, resulting in the employee having no other remedy than worker's compensation. *Tolbert v U S Truck Co,* 179 Mich App 471; 446 NW2d 484 (1989).

We conclude that § 131, when considered in light of the evolving case law, can only mean that plaintiff must be able to allege a specific danger known to the employer that is certain to result in an injury and that the employer required the plaintiff to work in the face of such danger. We are satisfied that plaintiff has alleged a violation of § 131 in the amended complaint and that the trial court should have allowed that complaint to be filed. The allegations show a knowledge by the employer of the defect in the machine that caused the accident that was not obvious to the employee, a request to the employer to correct the danger, an intentional refusal to make corrections, a history of consistent violations of the Michigan Occupational Safety and Health Act, several previous incidents that came close to injuring other employees as a result of the defect in question, orders to defendant to work on the machine with the defective foot pedal and intentional destruction of dam-

aging evidence after the accident. This, if proved, is not mere negligence or even gross negligence. It is wilfully forcing an employee to work in the face of a known and certain danger with respect to the specific machine that caused the accident.

Whether the pedal was, in fact, malfunctioning as alleged and whether the employer had such actual knowledge and wilfully disregarded it would be questions of fact for the jury. Whether plaintiff can come forward with any evidence of the required malfunctioning and the employer's actual knowledge and willful disregarding of such knowledge are all matters for discovery. Plaintiff claims to have evidence of two relevant facts: (a) the employer was informed by memorandum that the foot pedal was malfunctioning prior to the accident; and (b) after the accident the employer ordered all foot pedals destroyed. These items of evidence are merely links in a chain of evidence pointing toward liability. Whether plaintiff can complete the chain of evidence remains to be seen.

Defendant raises several issues on appeal pertaining to the timeliness of plaintiff's motion to amend and plaintiff's claim of appeal in this Court. We find no merit to these issues.

Reversed.