ADAMS v SHEPHERD PRODUCTS, US, INC

Docket No. 123548. Submitted December 12, 1990, at Grand Rapids. Decided March 18, 1991, at 9:05 A.M. Leave to appeal sought.

Sylvia J. Adams brought an action in the Berrien Circuit Court against Shepherd Products, U.S., Inc., her employer, seeking damages arising from the loss of three fingers in a work-related accident involving a circular saw from which the blade guard had been removed. The court, Casper O. Grathwohl, J., granted summary disposition for the defendant, ruling that the claim did not fall within the intentional-tort exception to the exclusive remedy of workers' compensation benefits. The plaintiff appealed.

The Court of Appeals *held:*

In this case, the trial court erred in granting summary disposition. The plaintiff's allegations, if true, indicate that the defendant had actual knowledge that injury was certain to occur and wilfully disregarded that knowledge.

1. Under § 131(1) of the Workers' Disability Compensation Act, MCL 418.131(1); MSA 17.237(131)(1), the right to recover workers' compensation benefits is the exclusive remedy of an employee for occupational injury or disease, unless the employer has committed an intentional tort. An intentional tort exists only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended the injury. An employer is deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and wilfully disregarded that knowledge.

2. Whether the facts alleged by a plaintiff are sufficient to constitute an intentional tort is a question of law for the court, while whether the facts are as the plaintiff alleges is one of fact for the jury.

Reversed.

*Bruce C. Conybeare,* for the plaintiff.

*Early, Lennon, Fox, Thompson, Peters & Crocker* (by *Robert C. Engels*), for the defendant.

Before: MAHER, P.J., and SAWYER and BRENNAN, JJ.

BRENNAN, J. Plaintiff appeals as of right from a November 14, 1989, order granting summary disposition pursuant to MCR 2.116(C)(10) for defendant. Plaintiff filed suit against defendant, her employer, alleging that, as a result of defendant's intentional and wilful misconduct, she suffered the loss of the three middle fingers on her right hand while operating a circular saw at her place of employment. On appeal, plaintiff claims that the trial court erred in granting summary disposition for defendant on the ground that her claim did not fall under the intentional-tort exception to the exclusive-remedy provision of the Workers' Disability Compensation Act. We agree and reverse.

The right to recover benefits under the WDCA is the exclusive remedy of an employee against an employer for personal injury or occupational disease. MCL 418.131; MSA 17.237 (131). The exclusive-remedy provision does not apply, however, to claims arising from intentional torts. *Pawlak v Redox Corp,* 182 Mich App 758, 766-767; 453 NW2d 304 (1990). MCL 418.131(1); MSA 17.237(131)(1) provides in part:

> An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended the injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge.

The issue whether the facts alleged by plaintiff are sufficient to constitute an intentional tort is a question of law for the court, while the issue whether the facts are as plaintiff alleges is one of

fact for the jury. *McNees v Cedar Springs Stamping Co,* 184 Mich App 101, 104; 457 NW2d 68 (1990).

In *Pawlak,* a panel of this Court found that the plaintiff failed to establish that the defendant employer acted deliberately or had actual knowledge that the decedent's injuries were certain to occur where the decedent's death was caused by the employee's erratic driving and the decedent's own action in riding on top of the truck. The Court reached this conclusion even though the employer allegedly had knowledge of erratic driving by employees.

In *McNees, supra,* another panel of this Court interpreted the intentional-tort exception to mean that a "plaintiff must be able to allege a specific danger known to the employer that is certain to result in an injury and that the employer required the plaintiff to work in the face of danger." *Id.,* p 105. The panel found that the plaintiff met this test by alleging "a knowledge by the employer of the defect in the machine that caused the accident that was not obvious to the employee, a request to the employer to correct the danger, an intentional refusal to make corrections, a history of consistent violations of the Michigan Occupational Safety and Health Act, several previous incidents that came close to injuring other employees as a result of the defect in question, orders to defendant [sic] to work on the machine with the defective foot pedal and intentional destruction of damaging evidence after the accident." *Id.,* pp 105-106.

In the present case, plaintiff alleged that defendant had actual knowledge that injury was certain to occur when it assigned her to the task of operating the machine in question, the PE-52. Plaintiff alleged that, in an attempt to shave casters to accommodate customer specifications, defen-

dant built a device consisting of a circular saw on a plywood table top. The casters were to be manually fed into the saw, where they would fall through a slot into a catch basket under the table. The worker was required to check the casters in the basket every thirty minutes. The affidavit of plaintiff's engineer alleges that defendant dangerously secured the saw to the table, removed the blade guard, taped the "on/off" switch to the "on" position, failed to affix warnings on the PE-52, and failed to supply adequate instructions with regard to use of the saw.

Plaintiff alleged that she and other workers were not warned that there was no blade guard underneath the table and that one of the maintenance men who designed the machine reached for a caster and avoided injury only because his hand struck the side of the blade. The maintenance supervisor, Ralph DeVries, testified in his deposition that he knew the machine was taped to the "on" position, that the casters had to be checked, and that employees could do so by reaching under the table where the unguarded saw blade was turning. DeVries further testified in his deposition that he informed all three shift foremen that there was no blade guard underneath the table. DeVries stated that when a guard is taken away, someone is going to get hurt.

Assuming plaintiff's allegations are true, then defendant had actual knowledge that an injury was certain to occur and wilfully disregarded that knowledge. Whether the facts are as plaintiff alleges is a question for the jury to resolve. *McNees, supra.*

Reversed.