PHILLIPS v LUDVANWALL, INC

Docket No. 122582. Submitted April 9, 1991, at Grand Rapids. Decided July 8, 1991, at 9:00 A.M. Leave to appeal sought.

Jerri J. Phillips, as personal representative of the estate of Terry L. Phillips, deceased, brought a wrongful death action in the Ottawa Circuit Court against Ludvanwall, Inc., Terry's employer, following his death as a result of a job-related accident. The court, Calvin L. Bosman, J., granted summary disposition for the defendant, finding that the claim did not fall within the intentional tort exception to the exclusive remedy provision of the Workers' Disability Compensation Act, MCL 418.131(1); MSA 17.237(131)(1). The plaintiff appealed.

The Court of Appeals *held:*

The facts alleged by the plaintiff were not sufficient to prove an intentional tort. While the defendant was negligent and aware that an accident might occur, there was no actual knowledge that an injury was certain to occur or wilful disregard of such knowledge. Therefore, the defendant cannot be deemed to have intended to injure the decedent.

Affirmed.

*Libner, VanLeuven, Kortering, Evans & Portenga, P.C.* (by *John A. Braden*), for the plaintiff.

*Allaben, Massie, Vander Weyden & Timmer* (by *Jonathan W. Willoughby*), for the defendant.

Before: JANSEN, P.J., and MICHAEL J. KELLY and BRENNAN, JJ.

BRENNAN, J. Plaintiff appeals as of right from an October 20, 1989, order granting summary disposition pursuant to MCR 2.116(C)(4), (10) in favor of defendant Ludvanwall, Inc. Plaintiff filed a wrongful death suit against defendant, her brother's employer, after her brother, Terry Phil-

lips, died following an accident at defendant's cement plant. On appeal, plaintiff claims that the trial court erred in granting summary disposition for defendant on the ground that her claim did not fall under the intentional tort exception to the exclusive remedy provision of the Workers' Disability Compensation Act, MCL 418.131(1); MSA 17.237(131)(1). We affirm.

Terry Phillips began his employment with defendant in June 1982, performing maintenance and welding. At the time of the accident, Terry was installing a new chute in the "Redi-Mix" area of the plant to make the "batching" process easier.[1] In defendant's Redi-Mix area, gravel, sand, and cement bins were located twenty-five feet above the ground. Each bin contained a gate at the bottom of the bin which allowed its contents to fall through a chute into a batching scale below to weigh the required amount of mix. This mixture would then fall through a chute into a cement truck below. The whole batching operation was directed through a control panel located in an office below the bins. Working on the chute often involved standing in the bins themselves. Terry Phillips worked at different intervals on the chute and the batching process continued daily at irregular intervals regardless of whether Terry was working on the bins.

On the day in question, August 12, 1987, Terry's brother Jim, also an employee, had been working on the chute in the bin with Terry, but was on a break at the time of the incident. Jim saw Glen Slager, the superintendent, who told Jim to get a front-end loader and then get Terry because he had some work for them to do. After looking for Terry, Jim asked Slager if he had seen Terry. Soon

---

[1] "Batching" is a process by which gravel or limestone, sand, and cement are mixed to create Redi-Mix or concrete.

after, Slager noticed Terry's legs hanging down from the sand bin. Slager and others operated the control panel to drop Terry into the weighing bin below, where he was pulled out. Slager estimated that Terry must have been hanging there for approximately twenty minutes. Apparently, a load of cement had been batched while Terry was working in the bins. The clam-jaw type gates opened to release the sand, pulling Terry into the gates. The gates then closed on Terry's abdomen, causing internal injuries that resulted in his death. Following the accident, defendant was cited for ten MIO-SHA[2] regulation violations. Two items on the citation related to the lack of a power lockout procedure for machinery involved in the fatal injury. The citation noted that this was a repeat violation of a citation issued on January 6, 1987.

Terry's sister, Jerri, as personal representative of her brother's estate, then filed the instant wrongful death suit. The suit was dismissed on the basis that the court lacked jurisdiction because the claim did not fall under the intentional tort exception to the exclusive remedy provision of the Workers' Disability Compensation Act. Plaintiff appeals this ruling.

The right to recover benefits under the WDCA is the exclusive remedy of an employee against an employer for personal injury or occupational disease. MCL 418.131(1); MSA 17.237 (131)(1). The exclusive remedy provision does not apply, however, to claims arising from intentional torts. *Id.; Pawlak v Redox Corp,* 182 Mich App 758, 766-767; 453 NW2d 304 (1990). MCL 418.131(1); MSA 17.237 (131)(1) provides, in part:

An intentional tort shall exist only when an

---

[2] Michigan Occupational Safety and Health Act, MCL 408.1001 *et seq.*; MSA 17.50(1) *et seq.*

employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge.[3]

The issue whether the facts alleged by the plaintiff are sufficient to constitute an intentional tort is a question of law for the court, while the issue whether the facts are as the plaintiff alleges is a question of fact for the jury. *McNees v Cedar Springs Stamping Co,* 184 Mich App 101, 104; 457 NW2d 68 (1990).

Plaintiff alleges that defendant had knowledge that injury was certain to occur and wilfully disregarded that knowledge. In support of this claim, plaintiff maintains that defendant had previously received a MIOSHA citation for failing to install a "power lockout" unit at the top of the sand and gravel hoppers, but failed to comply. Plaintiff contends that such a unit would have eliminated danger because workers, who were unable to be seen at the control station, could prevent the bin gates from operating. Plaintiff maintains that defendant knew Terry would have to stand inside the bin and, even so, ordered him to work up there. Plaintiff alleges that defendant had actual knowledge that the hopper lacked a power lockout unit as well as other safety devices and that injury was certain to occur if the batching process continued while a worker was in the bin. Plaintiff further claims that defendant wilfully disregarded

---

[3] Contrary to plaintiff's argument, MCL 418.131(1); MSA 17.237(131) (1) did not codify the "substantial certainty" test announced in *Beauchamp v Dow Chemical Co,* 427 Mich 1; 398 NW2d 882 (1986). Instead, it rejected the substantial certainty test and adopted the more rigorous "true intentional tort" test as the proper test for determining the presence of an intentional tort. *Shipman v Fontaine Truck Equipment Co,* 184 Mich App 706, 715; 459 NW2d 30 (1990).

that knowledge by continuing to batch concrete and by failing to warn when the batching would commence. William VanderWall, president of Ludvanwall, Inc., admitted during his deposition that he gave no safety instructions in connection with working in the bins.

In response, defendant maintained that anyone working in the bin should have seen or heard the cement trucks or air compressor, which were very loud, and known that the batching process would start again. Defendant asserted that although it received a citation in the past for failing to have a power lockout on equipment, the citation was not issued for the Redi-mixer, which was never inspected. Defendant claims that there was a power lockout at the control panel below the bins and that the decedent knew how to use it. Deposition testimony revealed that no prior similar accidents had occurred and that the decedent could have sat or stood on a ladder that was placed across the bin and used as a scaffold. VanderWall stated that he sent two people up to work in the bin so that one person could help the other in the event such an accident occurred.

We agree with the trial court that defendant's reliance on the sight and sound of the cement trucks and air compressors to warn the workers was in reckless disregard of the safety of employees and was negligence. It even appears from the above that defendant envisioned that such an accident might occur. However, like the trial court, we are unable to say that defendant had actual knowledge that an injury was certain to occur and wilfully disregarded that knowledge. Accordingly, we find summary disposition was proper.

Affirmed.