OAKS v TWIN CITY FOODS, INC

Docket No. 142308. Submitted November 9, 1992, at Grand Rapids.
Decided December 28, 1992; approved for publication February
17, 1993, at 9:00 A.M. Leave to appeal sought.

Marilyn Oaks, as personal representative of the estate of Gordon
A. Oaks, deceased, brought a wrongful death action in the Ionia
Circuit Court against Twin City Foods, Inc., the decedent's
employer. The court, Charles W. Simon, Jr., J., granted sum-
mary disposition for the defendant, ruling that the claim was
not within the intentional tort exception to the exclusive
remedy of workers' compensation. The plaintiff appealed.

The Court of Appeals *held:*

MCL 418.131(1); MSA 17.237(131)(1) provides that workers'
compensation benefits are an employee's exclusive remedy
against an employer for personal injury or occupational disease
except in the case of an intentional tort. Such a tort exists only
where the employee is injured as a result of a deliberate act of
the employer and the employer specifically intended an injury.
Intent to injure is established where it is shown that the
employer had actual knowledge that an injury was certain to
occur and wilfully disregarded that knowledge.

In this case, the plaintiff's allegations failed to establish that
the defendant had actual knowledge that an injury was certain
to occur and wilfully disregarded that knowledge. Thus, the
trial court did not err in dismissing the action.

Affirmed.

*Foster, Swift, Collins & Smith, P.C.* (by *Michael
D. Sanders* and *Robert L. Knechtel*), for the plain-
tiff.

*Varnum, Riddering, Schmidt & Howlett* (by *Rob-
ert J. Eleveld* and *Richard R. Symons*), for the
defendant.

Before: MACKENZIE, P.J., and GRIFFIN and CON-
NOR, JJ.

PER CURIAM. This is another appeal in which we are called upon to address the scope of the intentional tort exception to the exclusive remedy provision of the Workers' Disability Compensation Act. Plaintiff appeals as of right a circuit court order entering summary disposition in favor of defendant pursuant to MCR 2.116(C)(10). We affirm.

The exclusive remedy provision of the Workers' Disability Compensation Act and its exception for intentional torts is embodied in MCL 418.131(1); MSA 17.237(131)(1). This statute provides as follows:

> The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort. An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge. The issue of whether an act was an intentional tort shall be a question of law for the court. This subsection shall not enlarge or reduce rights under law.

To satisfy specific intent under the statute, it must be established that "the employer had *actual* knowledge that an injury was certain to occur and wilfully disregarded that knowledge." *Pawlak v Redox Corp,* 182 Mich App 758, 768; 453 NW2d 304 (1990) (emphasis in original). The intentional tort exception is not triggered simply because the employer had actual knowledge that an injury was likely to occur at some point during the performance of a given task. See *Benson v Callahan Mining Corp,* 191 Mich App 443, 446-447; 479

NW2d 12 (1991). Similarly, it is not enough that the employer acted recklessly and even envisioned the type of accident that did in fact occur. *Phillips v Ludvanwall, Inc*, 190 Mich App 136, 139-140; 475 NW2d 423 (1991).

In the present case, plaintiff alleges that decedent fell to his death after being directed to perform work while standing on an unguarded catwalk that defendant had been told posed a certain risk of serious injury. For the reasons stated in *Benson* and *Phillips*, the trial court correctly ruled that these allegations fail to establish an intentional tort because they do not establish that defendant had actual knowledge that an injury was certain to occur and wilfully disregarded that knowledge. Plaintiff's reliance on *McNees v Cedar Springs Stamping Co*, 184 Mich App 101; 457 NW2d 68 (1990), and *Adams v Shepherd Products, US, Inc*, 187 Mich App 695; 468 NW2d 332 (1991), is misplaced. To the extent these cases were correctly decided, we note that *McNees* and *Adams* are exceptional cases, and we do not find the facts of the instant case so egregious. While we sympathize with the tragic nature of the accident in this case, the circumstances under which it occurred do not rise to the level of an intentional tort. Defendant was properly awarded summary disposition. Our resolution renders plaintiff's second issue moot.

Affirmed.