## FORD v PIVOT MANUFACTURING COMPANY

Docket No. 180928. Submitted October 11, 1995, at Detroit. Decided February 2, 1996, at 9:05 A.M.

Donnell Ford brought an action in the Wayne Circuit Court against Pivot Manufacturing Company, seeking damages for a work-related injury pursuant to the intentional tort exception to the exclusive remedy provision of the Worker's Disability Compensation Act, MCL 418.131(1); MSA 17.237(131)(1). The court, Richard P. Hathaway, J., granted summary disposition for the defendant. The plaintiff appealed.

The Court of Appeals *held:*

The trial court erred in granting summary disposition for the defendant. The plaintiff alleged that the defendant knew that an injury was certain to occur if the machine's safety pull backs did not work properly. The issue whether the facts alleged by a plaintiff are sufficient to constitute an intentional tort is a question of law for the court, while the issue whether the facts are as a plaintiff alleges is a question of fact for the jury.

Reversed.

O'CONNELL, J., dissenting, stated that although the plaintiff alleged facts that may support a finding of negligence, they do not support the finding of an intentional tort because they do not establish that the defendant had actual knowledge that an injury was certain to occur and wilfully disregarded that knowledge. The trial court did not abuse its discretion by ordering summary disposition.

WORKER'S COMPENSATION — EXCLUSIVE REMEDY — INTENTIONAL TORTS.

Section 131(1) of the Worker's Disability Compensation Act exempts from the operation of the act's exclusive remedy provision claims for damages resulting from intentional torts; an intentional tort exists only when an employee is injured as a result of a deliberate act of the employer and the employer

REFERENCES

Am Jur 2d, Workers' Compensation § 75.

See ALR Index under Workers' Compensation.

specifically intended an injury; an employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and wilfully disregarded that knowledge; the issue whether the facts alleged by a employee are sufficient to constitute an intentional tort is a question of law for the court, while the issue whether the facts are as alleged by the employee is a question of fact for the jury (MCL 418.131[1]; MSA 17.237[131][1]).

*Rifkin & Kingsley, P.C.* (by *Michael J. Kingsley*), for the plaintiff.

*Blake, Kirchner, Symonds, MacFarlane, Larson & Smith, P.C.* (by *F. Peter Blake* and *Christopher G. Manolis*), for the defendant.

Before: MICHAEL J. KELLY, P.J., and O'CONNELL and J. R. GIDDINGS,* JJ.

MICHAEL J. KELLY, P.J. Plaintiff appeals an order of the Wayne Circuit Court of October 28, 1994, granting defendant's motion for summary disposition under MCR 2.116(C)(10). Plaintiff sued defendant employer under the intentional tort exception of the Worker's Disability Compensation Act (WDCA), MCL 418.131(1); MSA 17.237(131)(1). Plaintiff lost all four fingers of his left (dominant) hand in an accident involving a punch press on January 30, 1992.

Plaintiff had been assigned to operate this "Minster" press on a prior occasion. The press has a four-hundred-ton capacity and was used to stamp out muffler hangers with a production rate of five hundred units an hour. Failure to make production, five hundred units an hour, was reason for an operator's termination. This press was equipped with a pull-back device to remove the operator's hands from the points of impact (punch points) when the four-hundred-ton press cycled down. The

---

* Circuit judge, sitting on the Court of Appeals by assignment.

pull backs were adjustable to the physique of the operator. On the first occasion of plaintiff's use of the press, after some hours of uneventful operation, the pull-back device failed to operate properly and the glove of his left hand was caught in the jaws of the press. Plaintiff was uninjured by this close call. He told his foreman immediately. The foreman told him to stop running the job and called the supervisor at home to report the event. The supervisor ordered the press shut down until it was checked out.

Thereafter, the supervisor supposedly ordered the maintenance man to make the necessary repairs. The maintenance man has no memory of checking out this press and has no written record of working on it. However, he testified that if the supervisor told him to check it out, he did.

The plaintiff had not been given instructions regarding the adjustment of the pull backs. A fellow employee testified that there had always been a problem with the pull backs on this press. The defendant's supervisor was aware that it was dangerous to operate the press with the pull backs out of adjustment. On the date of the injury, the plaintiff noted that the pull backs were not pulling the left hand back as fast as the right hand and asked the foreman if it had been repaired. Plaintiff was informed that the press had been "checked out" and was okay to operate. Thereafter, the malfunction occurred and plaintiff was maimed.

Plaintiff claims the trial court erred in granting defendant's motion for summary disposition with regard to the intentional tort exception of the WDCA. We agree.

The statute, § 131, provides, in relevant part:

The only exception to this exclusive remedy is an intentional tort. An intentional tort shall exist

only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge. The issue of whether an act was an intentional tort shall be a question of law for the court. [MCL 418.131; MSA 17.237(131).]

The employer defendant knew an injury was certain to occur if the pull backs did not work properly, as admitted by defendant's supervisor, Michael Hazelwood, on deposition:

*Q.* Likewise, if they [pull backs] were worn and they didn't work properly, there would be danger involved, correct?
*A.* Yes.
*Q.* Would it be fair to state that if you were — hypothetically if you were aware that the pullbacks weren't working properly and that person's hands were being left in the pinch point, that you would shut down the machine?
*A.* Correct. Hypothetically.

\* \* \*

*Q.* That would be because if they weren't working properly, an injury would likely result, correct?
*A.* Correct.

An accident had occurred two days before and plaintiff escaped injury by a whisker. The foreman was advised and shut the job down. The supervisor was advised at home, by telephone, of the accident by the foreman. The foreman was told to stop use of the press. The supervisor claimed he reported the accident to the repairman, who testified he didn't remember working on the press or being told about it, but would have checked it out and

made repairs if he had been informed. There is no written record regarding repairs. A trier of fact must assess the credibility of both the repairman and the supervisor.

Plaintiff was required to run this press again on January 30, 1992. When he noted some malfunction, he called it to the attention of the foreman, who assured him that it had been checked out and was okay to run. Whether it had been checked is a question of fact; that it malfunctioned is a certainty.

The history of the malfunctioning of the press is significant. Plaintiff alleged that defendant had actual knowledge that injury was certain to occur when it assigned him to run this malfunctioning press again on January 30, 1992. This is exactly the situation in *Adams v Shepherd Products, US, Inc*, 187 Mich App 695, 696-697; 468 NW2d 332 (1991). Cf. *McNees v Cedar Springs Stamping Co*, 184 Mich App 101; 457 NW2d 68 (1990). "The issue whether the facts alleged by a plaintiff are sufficient to constitute an intentional tort is a question of law for the court, while the issue whether the facts are as a plaintiff alleges is a question of fact for the jury." *Travis v Dreis & Krump Mfg Co*, 207 Mich App 1, 3; 523 NW2d 818 (1994).

The issues found in this matter are pending in and will soon be argued before the Supreme Court in *Golec v Metal Exchange Corp*, 208 Mich App 380; 528 NW2d 756 (1995); *Lennox v Int'l Research & Development Corp*, unpublished opinion per curiam of the Court of Appeals, issued May 23, 1994 (Docket No. 150106); *Travis, supra*. Hopefully, the Supreme Court will resolve the uncertainty of these issues in the near future.

Reversed.

J. R. GIDDINGS, J., concurred.

O'CONNELL, J. *(dissenting)*. I respectfully dissent. The exclusive remedy provision of the Worker's Disability Compensation Act (WDCA) and its exception for intentional torts is found in MCL 418.131(1); MSA 17.237(131)(1). This statute provides as follows:

> The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort. An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge. The issue of whether an act was an intentional tort shall be a question of law for the court. This subsection shall not enlarge or reduce rights under law.

As relevant to the present dispute, to constitute specific intent under the statute, plaintiff must establish that "the employer had *actual* knowledge that an injury was certain to occur and willfully disregarded that knowledge." *Cavalier Mfg Co v Employers Ins of Wausau*, 211 Mich App 330, 336; 535 NW2d 583 (1995).

It is not enough that the employer knew an injury might occur at some point in time. *Oaks v Twin City Foods, Inc*, 198 Mich App 296, 297; 497 NW2d 196 (1993). It is also not enough that the employer knew that the press was in need of some repair. Plaintiff must establish more than mere negligence on the part of the employer. Plaintiff must establish that he was subject to unavoidable

danger of injury that the exercise of due care could not prevent. *Cavalier, supra* at 338.

In the present case, plaintiff was operating a press described as a "Minster Part Revolution Press." The press had a safety feature referred to as a "pull-back" device. The pull-back device consisted of bands or hooks placed around the operator's wrists. The bands or hooks are attached to a pulley located near to the top of the press. The pull-back device is set up such that when the press is activated, i.e., begins to descend toward the die, it pulls the wrists away from the die, thereby preventing the operator's hands from being caught in the "pinch point" when the press strikes the die. Plaintiff worked on the press for approximately six to seven hours before the incident occurred. Plaintiff sustained an injury to his hand when the pull-back device allegedly failed to function properly, causing plaintiff's left hand to become caught in the die. Plaintiff alleges that since the press had previously malfunctioned, the employer "had actual knowledge that an injury was certain to occur and wilfully disregarded that knowledge." Plaintiff alleges facts that may amount to negligence, but they do not rise to the level of an intentional tort.

Two days before this injury, plaintiff's foreman was advised that the press had malfunctioned. The foreman immediately shut the job down and advised his supervisors. The press was ordered to be repaired. It is uncertain whether the press was repaired or whether it was improperly repaired. The repair needed was an adjustment to the "pull-back devices." What is certain is that the pull-back device malfunctioned and the plaintiff was tragically injured.

This Court's review of motions for summary disposition is de novo. *Coleman-Nichols v Tixon*

*Corp,* 203 Mich App 645, 650; 513 NW2d 441 (1994). In *Oaks, supra* at 297-298, we stated:

To satisfy specific intent under the statute, it must be established that "the employer had *actual* knowledge that an injury was certain to occur and wilfully disregarded that knowledge." *Pawlak v Redox Corp,* 182 Mich App 758, 768; 453 NW2d 304 (1990) (emphasis in original). The intentional tort exception is not triggered simply because the employer had actual knowledge that an injury was likely to occur at some point during the performance of a given task. See *Benson v Callahan Mining Corp,* 191 Mich App 443, 446-447; 479 NW2d 12 (1991). Similarly, it is not enough that the employer acted recklessly and even envisioned the type of accident that did in fact occur. *Phillips v Ludvanwall, Inc,* 190 Mich App 136, 139-140; 475 NW2d 423 (1991).

On the day in question, plaintiff had operated the press for six or seven hours before the accident occurred. For the reasons stated in *Benson* and *Phillips,* the trial court properly ruled that plaintiff's allegations fail to establish an intentional tort because they do not establish that defendant had actual knowledge that an injury was certain to occur and wilfully disregarded that knowledge. *Oaks, supra* at 298. At best, plaintiff's allegations reveal a failure to repair the press or improper repairs (adjustments) to the pull backs. These alleged facts may indicate negligence, however, they do not rise to the level of an intentional tort.

I would find the trial court did not abuse its discretion in granting the motion for summary disposition.

I would affirm the decision of the trial court.