FORD v PIVOT MANUFACTURING COMPANY (ON REHEARING)

Docket No. 180928. Submitted October 11, 1995, at Detroit. Decided February 2, 1996, at 9:05 A.M. Submitted on rehearing October 1, 1996. Decided on rehearing November 1, 1996, at 9:00 A.M.

Donnell Ford brought an action in the Wayne Circuit Court against Pivot Manufacturing Company, seeking damages for a work-related injury pursuant to the intentional tort exception to the exclusive remedy provision of the Worker's Disability Compensation Act, MCL 418.131(1); MSA 17.237(131)(1). The court, Richard P. Hathaway, J., granted summary disposition for the defendant. The plaintiff appealed. The Court of Appeals, MICHAEL J. KELLY, P.J., and J. R. GIDDINGS, J. (O'CONNELL, J., dissenting), held that the trial court erred in granting summary disposition for the defendant. The majority noted that the defendant knew that an injury was certain to occur if the pull backs on the machine did not work properly and that the plaintiff alleged that the defendant had actual knowledge that injury was certain to occur when it assigned the plaintiff to run the malfunctioning press. Judge O'CONNELL, dissenting, stated that although the plaintiff alleged facts that may support a finding of negligence, they do not support the finding of an intentional tort because they do not establish that the defendant had actual knowledge that an injury was certain to occur and wilfully disregarded that knowledge. 215 Mich App 310 (1996). The defendant filed a motion for rehearing that was pending when the Supreme Court issued decisions in consolidated cases that interpreted the exclusive remedy provision consistent with the dissenting opinion of Judge O'CONNELL. *Travis v Dreis & Krump Mfg Co*, 453 Mich 149 (1996). The defendant's motion for rehearing was granted.

On rehearing, the Court of Appeals *held*:

The prior opinion in this case is set aside and, for the reasons stated in Judge O'CONNELL's prior dissenting opinion, the decision of the trial court is affirmed.

Affirmed.

WORKER'S COMPENSATION — EXCLUSIVE REMEDY — INTENTIONAL TORTS.

An employee who for purposes of applying the intentional tort exception to the exclusive remedy provision of the Worker's Disability Compensation Act seeks to show that his employer specifically

intended the employee's work-related injury must establish that the employer had actual knowledge that an injury was certain to occur and wilfully disregarded that knowledge; the exception is not triggered simply because the employer had actual knowledge that an injury was likely to occur at some point during the performance of a given task or because the employer acted recklessly and even envisioned the type of accident that did in fact occur (MCL 418.131[1]; MSA 17.237[131][1]).

*Rifkin & Kingsley, P.C.* (by *Michael J. Kingsley*), for the plaintiff.

*Blake, Kirchner, Symonds, MacFarlane, Larson & Smith, P.C.* (by *F. Peter Blake* and *Christopher G. Manolis*), for the defendant.

ON REHEARING

Before: MICHAEL J. KELLY, P.J., and O'CONNELL and J. R. Giddings,* JJ.

MICHAEL J. KELLY, P.J. On February 2, 1996, we released for publication an opinion reversing the trial court's grant of summary disposition for defendant under MCR 2.116(C)(10). *Ford v Pivot Mfg Co*, 215 Mich App 310; 544 NW2d 770 (1996). Defendant timely filed a motion for rehearing that was pending when the Supreme Court released the consolidated cases in *Travis v Dreis & Krump Mfg Co*, 453 Mich 149; 551 NW2d 132 (1996). Those decisions of the Supreme Court interpreted the exclusive remedy provision of the Worker's Disability Compensation Act, MCL 418.131(1); MSA 17.237(131)(1), consistent with the dissenting opinion of Judge O'CONNELL in our decision of February 2, 1996.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On May 15, 1996, we took the motion for rehearing under advisement. On August 29, 1996, we granted rehearing, and this opinion is the result. The decision of February 2, 1996, is set aside and the decision of the Wayne Circuit Court is affirmed for the reasons stated in the dissenting opinion of Judge O'CONNELL at 215 Mich App 315.

Affirmed.