AGEE v FORD MOTOR COMPANY

Docket Nos. 165377, 166023. Submitted September 15, 1994, at Detroit. Decided January 17, 1995, at 9:45 A.M.

Lawrence · Agee and others brought an action in the Wayne Circuit Court against Ford Motor Company, claiming damages from alleged exposure to asbestos during manufacturing processes at a Ford plant. The plaintiffs, former employees of the defendant, and spouses with derivative claims, relying on the intentional tort exception to the exclusive remedy provision of the Worker's Disability Compensation Act, alleged that the defendant knowingly placed the employees in certain danger of injury from the asbestos. The court, Robert J. Colombo, Jr., J., denied the defendant's first motion for summary disposition and thereafter granted in part and denied in part the defendant's second motion for summary disposition. The defendant filed separate appeals by leave granted from the denial of the motions. The appeals were consolidated.

The Court of Appeals held:

The plaintiffs' allegation of intentional tort was insufficient to circumvent the exclusive remedy provision of the Worker's Disability Compensation Act, MCL 418.131; MSA 17.237(131). The plaintiffs failed to offer proof that the defendant had actual knowledge that injury was certain to occur to any of its employees. The first order denying summary disposition must be reversed and the matter must be remanded for entry of an order of summary disposition for the defendant. The order denying the second motion for summary disposition is moot and must be vacated.

Reversed and remanded in part and vacated in part.

*Richard A. Bockoff, Thomas C. Miller,* and *Anthony V. Trogan, Jr.,* for the plaintiffs.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Robert S. Krause, Robert W. Powell,* and *Kathleen A. Lang*), for the defendant.

Before: MICHAEL J. KELLY, P.J., and BRENNAN and J. A. FULLERTON,* JJ.

MICHAEL J. KELLY, P.J. Defendant appeals by leave granted from the circuit court orders that denied its motions for summary disposition against the various plaintiffs. We reverse.

Plaintiffs are former Ford Motor Company employees (and spouses with derivative claims) claiming damages from alleged exposure to asbestos during manufacturing processes at a Ford plant. Their complaint alleged that defendant knowingly placed them in certain danger of injury from the asbestos. Defendant initially moved for summary disposition under MCR 2.116(C)(4), (7), and (8), and raised MCR 2.116(C)(10) as an additional ground for summary disposition in its reply brief to plaintiffs' answer to the motion for summary disposition. The motion challenged the applicability of the intentional tort exception to the exclusive remedy provision of the Worker's Disability Compensation Act (WDCA), MCL 418.131; MSA 17.237(131). The circuit court denied the motion on May 21, 1993. That order is the subject of defendant's appeal in Docket No. 165377. Defendant moved for summary disposition a second time on May 28, 1993, challenging plaintiffs' claim for damages for fear of cancer and for exemplary damages under MCR 2.116(C)(8) and (10). The circuit court granted the motion in part and denied it in part on July 1, 1993. That order is the subject of defendant's appeal in Docket No. 166023. The appeals were consolidated by the Court of Appeals.

Because plaintiffs alleged injuries arising out of and in the course of their employment, they have a viable cause of action only if their claim falls under the intentional tort exception to the exclu-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sive remedy provision of the WDCA. Although plaintiffs' battery claim alleges a traditional intentional tort, the narrow definition of "intentional tort" in § 131 of the WDCA controls whether the exclusive remedy provision applies.

Section 131 provides, in relevant part:

> The only exception to this exclusive remedy is an intentional tort. An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge. The issue of whether an act was an intentional tort shall be a question of law for the court. [MCL 418.131; MSA 17.237(131).]

This section, requiring actual knowledge of certain injury, was enacted in 1987 to tighten the previous standard for the intentional tort exception, which required knowledge only that an injury was "substantially certain" to occur. See *Beauchamp v Dow Chemical Co,* 427 Mich 1, 20; 398 NW2d 882 (1986). Some decisions of this Court have maintained the rigidity of the new standard. See, e.g., *Smith v Mirror Lite Co,* 196 Mich App 190; 492 NW2d 744 (1992); *Benson v Callahan Mining Corp,* 191 Mich App 443; 479 NW2d 12 (1991).[1] Others

---

[1] Just as the trial court did in denying defendant's motion for summary disposition, plaintiffs rely in part on *McNees v Cedar Springs Stamping Co,* 184 Mich App 101; 457 NW2d 68 (1990). In *McNees,* the Court found that the plaintiff had sufficiently pleaded an intentional tort under § 131 of the WDCA where the employer had actual knowledge of a defective foot pedal on a press machine and of several related, near accidents, refused to correct the defect, and yet ordered the plaintiff to operate the machine. However, we note, first, that the facts in *McNees* are distinguishable, and, second, that *McNees* is not binding precedent under Administrative Order No. 1994-4. In addition, in *Oaks v Twin City Foods, Inc,* 198 Mich App 296, 298; 497 NW2d 196 (1993), which is binding under Administra-

have interpreted the standard more broadly. See *Travis v Dreis & Krump Mfg Co,* 207 Mich App 1; 523 NW2d 818 (1994). (We doubt the Supreme Court majority will stamp its approval on *Travis.*)

In this case, plaintiffs' complaint alleged that defendant had actual knowledge that injury was certain to occur because asbestos dust and fibers were allowed to circulate throughout defendant's plant. The complaint further alleged that defendant knew that asbestos exposure would lead to certain injury to at least some of its employees. In support of this contention, plaintiffs submitted to this Court that they have expert witness testimony that injury was certain to occur to about one-third of the employees at defendant's plant as a result of asbestos exposure.[2]

We hold that plaintiffs' allegation of intentional tort, even with the proffered expert testimony, is insufficient to circumvent the exclusive remedy provision of the WDCA. Plaintiffs have not offered proof that defendant had "actual knowledge" that injury was certain to occur to any of its employees,

tive Order No. 1994-4, a panel of this Court questioned the outcome in *McNees.* The panel noted that to the extent *McNees* was correctly decided, it was distinguishable as a case of exceptional egregiousness. The employer in *McNees* had maintained a history of violations of safety and health laws, received orders to repair the machine, and, after the plaintiff's accident, destroyed damaging evidence. We find no evidence of such egregious conduct in this case. We also doubt the correctness of another decision cited by plaintiffs, *Adams v Shepherd Products, US, Inc,* 187 Mich App 695; 468 NW2d 332 (1991), which met with disapproval both in *Oaks, supra* at 298, and in *Benson, supra* at 447.

[2] Defendant notes that this information was not presented until oral argument on appeal. However, we will consider the information in the context of MCR 2.116(C)(10). Essentially, we deem plaintiffs' attempt to present evidence in support of their claim, as if they were responding to a motion for summary disposition under MCR 2.116(C)(10), a waiver of their objection to defendant's failure to make a formal motion under that rule in the trial court. An order granting summary disposition under the wrong court rule may be reviewed under the correct one. *Ginther v Zimmerman,* 195 Mich App 647, 649; 491 NW2d 282 (1992).

let alone one-third of them. The complaint essentially alleges only that defendant had knowledge that asbestos posed health hazards and that its ventilation system exposed its employees to those hazards. The internal Ford memoranda attached to plaintiffs' response to defendant's motion for summary disposition merely establish that some of the air samples taken at defendant's plant between 1967 and 1973 exceeded the regulatory limits for asbestos, indicating a health risk for employees. Nothing in the memoranda suggests that defendant had actual knowledge of certain injury. There is no bridge for the gap. In fact, plaintiffs' brief reflects the weakness of the evidence:

> The exhibits provide that Defendant *knew of the risks* of asbestos exposure. Moreover, they knew of the failures in their ability to control the asbestos dust and fibers and *therefore, knew "an injury was certain to occur"* to some or all of its employees exposed to the asbestos. [Emphasis added.]

Plaintiffs provide no explanation for concluding that defendant had actual knowledge of certain injury to plaintiffs simply because it had knowledge of the general risks.[3] Cf. *Oaks v Twin City*

[3] We also question, but do not decide, whether the proffered statistic is sufficient to meet the "certain injury" test of § 131. The line of cases since the enactment of § 131 suggests a higher degree of certainty than a showing of certain injury to someone, somewhere, sometime. Nearly all unsafe conditions in the workplace could be characterized as certain to lead to injury to some employees at some time. For example, the plaintiff in *Benson, supra,* who slipped and fell on ice in an employee parking lot, could have characterized her injury as certain to occur to someone, somewhere, sometime. Yet, the *Benson* panel rejected the plaintiff's nonspecific allegation of certain injury. Adopting plaintiffs' statistic as a sufficient showing of certain injury would place the intentional tort standard in § 131 on a slippery slope. We suggest that the proffered statistic is more properly viewed as reflecting a one-in-three chance of injury to each plaintiff, which is far from the degree of certainty required under § 131.

*Foods, Inc,* 198 Mich App 296; 497 NW2d 196 (1993) (holding that summary disposition for the defendant was proper for lack of actual knowledge of certain injury where the plaintiff had died after walking on an unguarded catwalk that the defendant had been told posed a certain risk of injury).

The order denying summary disposition in Docket No. 165377 is reversed and the matter is remanded for entry of an order of summary disposition in favor of defendant. The order denying summary disposition in Docket No. 166023 is moot and is hereby vacated.

Reversed and remanded in part and vacated in part.