LaDUKE v ZIEBART CORPORATION

Docket No. 156036. Submitted January 18, 1995, at Detroit. Decided
    April 6, 1995; approved for publication May 23, 1995, at 9:30
    A.M.

    Robert LaDuke, as personal representative of the estate of Mi-
    chael LaDuke, deceased, brought a wrongful death action in the
    Wayne Circuit Court against Ziebart Corporation and Robert A.
    Zielin, seeking damages resulting from the killing of Michael
    LaDuke by Zielin that occurred when LaDuke, Zielin's supervi-
    sor, informed Zielin that his employment with Ziebart was
    being terminated. The court, Michael J. Callahan, J., found
    that the claim fell within the intentional tort exception to the
    exclusive remedy provision of the Worker's Disability Compen-
    sation Act, MCL 418.131; MSA 17.237(131). The court held that
    Zielin's knowledge of his own propensity for violence could be
    imputed to Ziebart. Ziebart appealed from the denial of its
    motions for summary disposition, a directed verdict, judgment
    notwithstanding the verdict, and a new trial.

    The Court of Appeals *held:*

    1. The trial court erred in finding that this case fell within
    the intentional tort exception to the exclusive remedy provision
    of the worker's compensation act, that the act did not require
    the plaintiff to show that Ziebart had actual knowledge that
    Michael LaDuke would suffer certain injury, and that Ziebart
    committed an intentional tort under § 131 of the act.

    2. Ziebart did not know of Zielin's plan to kill LaDuke before
    the murder and did not intentionally instruct LaDuke to fire
    Zielin in the face of any known danger.

    3. The trial court erred in concluding that Zielin's knowledge
    of his own violent tendencies could be imputed to Ziebart for
    purposes of § 131. The statute requires actual knowledge that
    an injury is certain to occur.

    Reversed.

REFERENCES

Am Jur 2d, Workers' Compensation §§ 75, 76.
What conduct is willful, intentional or deliberate within workmen's
    compensation act provision authorizing tort action for such con-
    duct. 96 ALR3d 1064.

Worker's Compensation — Exclusive Remedy — Intentional Tort Exception.

The intentional tort exception to the exclusive remedy provision of the Worker's Disability Compensation Act requires for its application a showing that the defendant had actual knowledge that the plaintiff would suffer a specific injury and that the defendant disregarded that knowledge; the secret thoughts and intentions of an employee may not be imputed to the employer for purposes of the exception (MCL 418.131; MSA 17.237[131]).

*Paul B. Molenda, P.C.* (by *Paul B. Molenda*) (*John A. Lydick,* of Counsel), for the plaintiff.

*May, Simpson & Strote, P.C.* (by *John A. Forrest*), for Ziebart Corporation.

Before: CORRIGAN, P.J., and O'CONNELL and G. S. ALLEN,* JJ.

PER CURIAM. Defendant Ziebart Corporation appeals as of right the denial of its motions for summary disposition pursuant to MCR 2.116(C)(8) and (10), a directed verdict, judgment notwithstanding the verdict (JNOV), and a new trial. We reverse.

Plaintiff's decedent, Michael LaDuke, was a branch operations manager of various Ziebart locations in Michigan, Illinois, and Missouri, including the Westland, Michigan, branch, where individual defendant Robert Zielin worked. In April 1989, Zielin managed the Westland branch and LaDuke was his immediate supervisor. At a meeting held on Friday, April 21, 1989, LaDuke and two other company officials decided to terminate Zielin's employment the following Monday because of his poor work performance. Apparently, Zielin received word of his fate and asked to meet with

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

LaDuke on Saturday, April 22, 1989, at the West-land store. LaDuke then spoke with Ziebart management. They agreed to terminate Zielin on Saturday instead of Monday. LaDuke went to the store to meet Zielin. Shortly after LaDuke fired Zielin, Zielin shot and killed LaDuke.

Plaintiff, the personal representative of La-Duke's estate, filed a wrongful death action against codefendants Ziebart and Zielin.[1] Ziebart moved for summary disposition on the basis that the exclusive remedy provision of the Worker's Disability Compensation Act (WDCA), MCL 418.131; MSA 17.237(131), barred plaintiff's claim. The trial court ruled that plaintiff's complaint stated a claim that fell within the intentional tort exception to § 131 of the WDCA and denied Ziebart's motion. The trial court later denied Ziebart's motion for a directed verdict. After the jury rendered its verdict for plaintiff, Ziebart moved for JNOV or a new trial. The trial court again denied the motions. It held that Zielin's knowledge of his own propensity for violence could be imputed to Ziebart. Thus, Ziebart's actions were held to constitute an intentional tort under the WDCA.

On appeal, Ziebart argues that the trial court erred in denying its various motions as a matter of law. We agree.

Ziebart's claims of error turn on whether this case falls within the intentional tort exception to the exclusive remedy provision of the WDCA. Under MCL 418.131; MSA 17.237(131), worker's compensation is an employee's exclusive remedy against an employer, unless the employee suffers an injury as a result of an intentional tort. *Benson v Callahan Mining Corp,* 191 Mich App 443, 446; 479

---

[1] Zielin never defended this action. Shortly after the shooting, he was convicted of first-degree murder, incarcerated in Ionia Correctional Facility, and subsequently died.

NW2d 12 (1991). MCL 418.131; MSA 17.237(131) provides in relevant part:

> An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge. The issue of whether an act was an intentional tort shall be a question of law for the court.

In his complaint, plaintiff alleged that Ziebart intentionally instructed LaDuke to fire Zielin with knowledge of Zielin's history of violence. Ziebart contended that plaintiff could not show that Ziebart had actual knowledge that LaDuke would suffer certain injury when he terminated Zielin. In denying Ziebart's motion for summary disposition, the court acknowledged that Ziebart could not have known that Zielin would harm LaDuke, but nevertheless concluded that Ziebart committed an intentional tort under the WDCA. The court reasoned that the WDCA does not require plaintiff to show that Ziebart had actual knowledge that plaintiff would suffer certain injury. We disagree.

The trial court erred as a matter of law in determining that Ziebart committed an intentional tort under § 131 of the WDCA. The intentional tort exception requires a plaintiff to show that the defendant had actual knowledge that the plaintiff would suffer a specific injury and that the defendant disregarded that knowledge. *Agee v Ford Motor Co,* 208 Mich App 363; 528 NW2d 768 (1995); *Smith v Mirror Lite Co,* 196 Mich App 190, 192-193; 492 NW2d 744 (1992). It is not enough to show that a risk of injury existed or that someone, but not necessarily the plaintiff, was certain to

suffer an injury. *Agee, supra.* Consequently, plaintiff had the burden of showing that Ziebart intentionally instructed LaDuke to fire Zielin with the actual knowledge that Zielin would injure LaDuke.

Nothing in the record establishes that Ziebart knew of Zielin's plan to kill LaDuke before the murder or that Ziebart intentionally instructed LaDuke to fire Zielin in the face of any known danger. Zielin apparently told a subordinate employee on Saturday morning, April 22, that if LaDuke fired him "it would be the last thing [LaDuke] ever did." The subordinate, however, did not take the threat seriously. He never reported it to anyone before the murder. Consequently, Ziebart had no knowledge of Zielin's threat before the decision to fire Zielin. *Upjohn Co v New Hampshire Ins Co,* 438 Mich 197, 214; 476 NW2d 392 (1991); *Gordon Sel-Way, Inc v Spence Bros, Inc,* 177 Mich App 116, 124-125; 440 NW2d 907 (1989) (a corporation's knowledge consists of the knowledge of its officers and agents acquired while acting within the scope of their authority).

Further, the allegation that Ziebart knew of Zielin's violent history is not borne out in the record. Plaintiff emphasizes Zielin's ownership of a shotgun. Apparently, one Ziebart employee knew about this gun. However, evidence of gun ownership, standing alone, does not prove that Ziebart knew that Zielin was dangerous, much less that it intentionally instructed LaDuke to fire him in the face of known danger. Indeed, the bulk of the testimony shows that Zielin was not aggressive. In response to criticism from his subordinates, Zielin reacted passively. Instead of lashing out, he worked harder and longer hours. Zielin exhibited no overt signs of any tendency toward violence during his employment with Ziebart. As a result, plaintiff failed to sustain his burden of showing

that Ziebart knew that LaDuke would suffer certain injury when he terminated Zielin. To the extent that Ziebart failed to discover any past history of violence when it hired Zielin, its conduct was negligent, not intentional.

Finally, we reject the trial court's novel conclusion that an individual employee's knowledge of his own violent tendencies may be imputed to his employer for purposes of § 131. The statute requires actual knowledge that an injury is certain to occur. The secret intentions and thoughts of an employee may not be imputed to his employer for purposes of the intentional tort exception to the exclusive remedy provision of the WDCA. The trial court erred as a matter of law in ruling that Ziebart committed an intentional tort because Zielin knew of his own plans to harm LaDuke.

Reversed.