Dennis MAY, Plaintiff,

v.

**JEFFERSON SMURFIT CORPORATION (U.S.), Defendant.**

No. 96–70401.

United States District Court, E.D. Michigan, Southern Division.

Nov. 18, 1996.

David M. Zoll, Toledo, OH, Leslie M. Carr, Monroe, MI, for plaintiff.

Richard P. Diehl, Troy, MI, for defendant.

## MEMORANDUM OPINION AND ORDER

GILMORE, District Judge.

The present case is before the court on Defendant's Motion for Judgment of Dismissal on the Pleadings, or Alternatively, Motion for Summary Judgment.

### I.

Plaintiff Dennis May (hereinafter "Plaintiff") was injured when his hand became caught in a paperboard winding machine while employed at a manufacturing plant owned and operated by Defendant Jefferson Smurfit Corporation (hereinafter "Defendant"). At the time of the injury, Plaintiff claims he had been forced to work a third consecutive shift by his supervisor, that he lacked formal training on the winding machine, and that he was told to continue working on the machine despite the fact that the machine's safety guard was not properly functioning.

The safety guard was designed to protect workers from possible injury by remaining in the "down" position while the winder is running. During the threading procedure, however, the guard was to be placed in the "up" position to allow a worker to feed the paper into a set of rollers. Another worker was then required to push a "jog" button at a remote control station in order to engage the rollers. Although evidence suggests that other workers occasionally wedged down the "jog" button at the control station, thereby overriding the normal paper-threading procedure contrary to safety warnings, it is disputed between the parties whether Plaintiff actually engaged in such a practice at the time of his injury.

Plaintiff brought this suit against Defendant seeking additional compensation for his injury under the intentional tort exception to the exclusive remedy provision of the Michigan Worker's Disability Compensation Act, MCL § 418.101, et. seq. (hereinafter "WDCA"). Defendant now seeks dismissal or, alternatively, summary judgment on the grounds that Plaintiff has failed to set forth sufficient facts to establish a basis for recovery under the relevant statutory provision, MCL § 418.131.

### II.

Defendant requests dismissal or judgment on the pleadings under Rule 12(b)(6) and Rule 12(c), respectively, of the Federal Rules of Civil Procedure. Both Rule 12(b) and Rule 12(c) contain the following provision:

If [on a 12(b)(6) or 12(c) motion] matters outside the pleading[s] are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Defendant also raises an alternative Motion for Summary Judgment pursuant to Rule 56. Accordingly, since both parties rely on discovery materials to support their respective positions, the court shall consider the present Motion as one for summary judgment.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law."

In assessing the parties' claims, the court must view the evidence in a light most favorable to the non-moving party, and must also

draw all reasonable inferences in favor of the same. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.,* 749 F.2d 1205, 1210–11 (6th Cir.1984).

Finally, the moving party may discharge its burden by showing an absence of evidence to support the non-moving party's case. *Celotex v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). Then, the non-moving party must set forth specific facts to show the existence of a genuine issue. Fed.R.Civ.P. 56(e). If the non-moving party fails to produce admissible evidence beyond the pleadings and affidavits, summary judgment may be entered against it. *See Ashbrook v. Block,* 917 F.2d 918, 921 (6th Cir.1990).

### III.

■ In determining whether Plaintiff has completely furnished the necessary elements of his claim, the court must first consider the threshold requirements for claims under the Michigan WDCA's intentional tort exception to the exclusive remedy provision. MCL § 418.131(1) provides:

> The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort. An intentional tort shall exist only when an employee is injured as a result of a deliberate act of an employer and the employer specifically intended the injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and wilfully disregarded that knowledge. The issue of whether an act was an intentional tort shall be a question of law for the Court....

Thus, unless an injured employee can show that his injury was caused by a deliberate act of his employer and the employer wilfully disregarded actual knowledge that an injury was certain to occur, the employee's remedy is confined to the compensation otherwise set forth in the WDCA.

In a recent interpretation of the WDCA's intentional tort exception, the Michigan Supreme Court emphasized the underlying legislative history. The current language of MCL § 418.131(1) originated as a response to the Michigan Supreme Court's earlier decision in *Beauchamp v. Dow Chemical Co.,* 427 Mich. 1, 398 N.W.2d 882 (1986); which first carved out an exception to the exclusive relief available under the WDCA. The statute recognized the exception created in *Beauchamp,* yet it sought to establish a more restrictive standard to obtain exceptional relief than that in *Beauchamp.* Therefore, the Michigan legislature carefully drafted MCL § 418.131(1) to limit additional recovery under the WDCA to cases where the employer's intent was clear. *Travis v. Dreis and Krump Manufacturing Co.,* 453 Mich. 149, 551 N.W.2d 132 (1996).

■ Following the Michigan Supreme Court's decision in *Travis,* an employer must have done something more than fail to protect an employee from an appreciable risk of harm in order to incur additional liability under the WDCA. *Id.* 551 N.W.2d at 145–46. In other words, a successful plaintiff must establish that his injury was indeed caused by his employer's intent rather than mere negligence.

In the present case, Plaintiff has pled sufficient facts to support the allegations that his injury resulted from a deliberate act by his employer and that his employer (through authorized agents) disregarded actual knowledge of a risk of injury. Specifically, viewing Plaintiff's allegations as true, Plaintiff has established that his employer compelled him to work another shift on a machine which it knew had a faulty safety guard. Defendant also knew that Plaintiff lacked formal training on the machine. However, Plaintiff's claim fails in that neither the pleadings nor other evidence offered sufficiently set forth the requisite certainty that injury would occur.

In *Travis,* the Michigan Supreme Court rejected application of the "substantial certainty" test initially set forth in *Beauchamp* as a determinative element of whether the employer possessed intent. *Id.* at 142. Indeed, this standard, rejected by the Michigan

legislature, would allow some employees who were injured as a result of their employer's negligence to collect additional damages under the WDCA beyond those otherwise prescribed. Thus, the Court found that MCL § 418.131(1) requires an "extremely high standard" of showing that an injury was "certain to occur." *Id.* at 143. This standard requires more than a showing that the employer had knowledge of a dangerous or risky condition. *Id.* at 144–45. *See also Agee v. Ford Motor Co.*, 208 Mich.App. 363, 528 N.W.2d 768 (1995); *Brown v. Drake-Willock International*, 209 Mich.App. 136, 530 N.W.2d 510 (1995).

It is useful here to clarify the court's analysis by briefly discussing the facts of *Travis*, as compared with the facts in *Golec v. Metal Exchange Corp.*, 208 Mich.App. 380, 528 N.W.2d 756 (1995), *aff'd*, 453 Mich. 149, 551 N.W.2d 132 (1996), a companion case decided by the Michigan Supreme Court at the same time as *Travis*. In *Travis*, the injured employee had been assigned to work on a machine with which she was unfamiliar and which her supervisor knew had a history of occasional, unpredictable malfunctions. Despite the fact that no other worker had suffered an injury while working on this machine previously, the plaintiff was injured after only a few hours at the machine. Notwithstanding the unfortunate consequences suffered by the plaintiff, the Michigan Supreme Court held that it could not be established that the employer knew the injury was "certain to occur." *Travis, supra.* at 149.

By contrast, the injured employee in *Golec* suffered minor burns while pouring a potentially combustible combination of wet scrap metal objects into a furnace of molten aluminum. He had recently warned his employer about the dangerous circumstances under which he was required to work, including the lack of protective devices. After this incident the employee was sent home, but he was later called back the same day to perform the same job function. The employee was then burned again, this time severely. The Michigan Supreme Court held that, because the employer had actual knowledge of a specific injury which had already proven to be "certain to occur," the deliberate act of requiring the employee to perform the same task a second time was enough to establish the employer's intent. Thus, the employee could seek recovery under the WDCA's intentional tort exception. *Golec,* 551 N.W.2d at 148–49 (1996).

The present case is much more akin to the facts in *Travis* than those in *Golec.* As discussed *supra,* Plaintiff was working on a machine with which he had no formal training and which had an allegedly faulty safety guard. Neither he nor his employer anticipated the resulting injury or had reason to know it would occur. Defendant may have acted with greater caution to prevent the injury, but carelessness does not establish intent.

Plaintiff's injury entitled him to the standard recovery under the WDCA, but he fails to convince the court that he should be eligible for additional relief. Plaintiff's complaint, which merely mirrors the language of the statute by generally alleging that Defendant knew of an injury which was certain to occur, is insufficient. Neither the allegations in Plaintiff's complaint nor the evidence offered to support them address Defendant's knowledge that a specific injury was certain to occur to Plaintiff when he was told to continue working an additional shift on the winding machine. Therefore, even upon assumption that all Plaintiff has alleged is true, the court is unable to construe his unfortunate injury as one which was "certain to occur."

## IV.

For the foregoing reasons, Plaintiff is precluded from recovery under the WDCA other than that for which he is already eligible. Therefore, the court **GRANTS** Defendant's Motion for Summary Judgment, and the case is hereby dismissed.

**IT IS SO ORDERED.**